Matthew M, Levy, J,
In this action for personal injuries allegedly caused by .the defendant’s negligence, the defendant moves for judgment dismissing the complaint (CPLR 3211, subd. [a], par. 2) and (CPLR 3212), upon the ground that the court has no jurisdiction of the subject matter of the action, in that the plaintiff was allegedly an employee of the defendant and the Workmen’s Compensation Board had and exercised jurisdiction of the claim. The plaintiff cross-moves to strike the defendant’s affirmative defense contained in the answer of the applicability of the Workmen’s Compensation Law to the plaintiff’s cause of action,
*675 However, at the very threshold of the argument of the motions, it appeared that this action, while originally commenced in this court, was, by order of this court, dated November 14,1962, duly transferred to the Civil Court of the City of New York, County of Kings, and that the cause is presently pending in that court under Index No. 39175/1962, Calendar No. SF 805. It appeared further that on December 21, 1964, a Justice of the Civil Court denied the defendant’s motion to dismiss the complaint ‘ ‘ without prejudice to renewal in the proper forum, ’ ’ and that, in his decision, the ground thereof is stated: “It appears that the action has been commenced in the Supreme Court, New York County, where the instant motion should be made, if the defendant be so advised.”
Thus it is that the question is squarely presented whether the Supreme Court, New York County, or the Civil Court, Kings County, is the proper forum in the circumstances. Not at all surprisingly' — in view of what seems to me (as I stated on the oral argument)' to be the obvious answer (that the motion to dismiss should have been heard in the Civil Court on the merits) — the question does not appear to have been dealt with in the reported oases.
This court’s order of November 14, 1962 (made while the Civil Practice Act was in force) transferring the cause to the Civil Court, wias promulgated upon an ‘ ‘ annexed stipulation ’ ’ and reduced the amount demanded in the complaint ($50,000) to the sum of $10,000, all on consent as provided in that statute.
The applicable statute now is CPLR 325 (subd. [e]), which provides for ‘ ‘ Removal on consent to court of limited jurisdiction.” (Emphasis supplied.) CPLR 325 (subd. [c]) derives from section 110-b of the Civil Practice Act, subdivision 2 of which reads in relevant part, that “ the action shall continue in such court as if originally instituted therein.” The almost identical wording in subdivision 3 of section 110-a of the Civil Practice Act- — which applied to cases of “ Removal from court of limited jurisdiction ” (emphasis supplied) —was construed by the Appellate Division in Murdock v. New York Truck Renting Corp. (3 AD 2d 406, 407) where that court said, Per Curiam:
“ Subdivision 3 of section 110-a of the Civil Practice Act applies and it provides that after transfer of all papers and records in the action to the court to which the same has been ordered remanded, [1] the action or proceeding shall continue in such court as if originally■ instituted therein.’
“We construe this language to be mandatory and conferring no discretion in the matter. [Citing cases.] ”
*676 The exact language of subdivision 3 of section 110-a does not appear in CPLR 325 (subd. [c]); nor does that of section 110-b of the Civil Practice Act. However, CPLR 326 — which, according to Professor McLaughlin’s Practice Commentary in McKinney’s Consolidated Laws of New York (Book 7B, CPLR, § 326), “ is designed to assure uniformity regardless of the reason for removal ” — states, in subdivision (b), that “ Subsequent proceedings shall be had in the court to which it has been ordered removed as if the action had been originally commenced there
There has been relatively little discussion in the texts of this aspect of the statute. “ Problems under this provision [CPLR 326, subd. (b) as a whole] have primarily involved calendar placement and costs.” (1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 326.06.) Prashker cites my decision in Bazier v. David (1 Misc 2d 647) for the proposition that: “Where an order for removal is made pursuant to this provision [Civ. Prac. Act, § 110, now CPLR 326, subd. (b)], the subsequent proceedings are the same as if the action had been instituted in the court to which removal is made.” (Prashker, New York Practice [4th Prashker and Trapani ed.], § 21, n. 7, p. 16.) That case involved an application to remove the action from the Municipal Court to the City Court. While it rested upon section 110 of the Civil Practice Act and even dealt with the phrase in question, it did so only in relation to defendant’s claimed defense of the Statute of Limitations, and did not touch upon the present question: the proper court in which to make a motion subsequent to removal.
If the instant case were one in which there was but a “ change of place of trial ” — i.e., a change of venue — in the same court (as distinguished from removal to another court) then CPLR 511 would apply, and a passage in subdivision (d) of that rule would be expressly relevant: “Subsequent proceedings shall be had in the county to which the change is made as if it had been designated orignially as the place of trial, except as otherwise directed by the court.” (Emphasis added.)
*677 I note, with regard to section 188 of the Civil Practice Act, the predecessor of CPLR 511 (subd. [d]), that Prashker says:
‘ ‘ "Where the place of trial is changed to another county, the subsequent proceedings are had in the county to which the change is made with the same effect as if it had been designated in the complaint as the place of trial.” (Prashker, New York Practice [4th Prashker and Trapani ed.], § 304, p. 561.)
This does not, however, dispose of the issue raised by the provision quoted and emphasized above; and nothing of assistance is to be found in McKinney’s Consoldiated Laws of New York, or in Cahill-Pars'ons on New York Civil Practice, or in Tripp’s Guide to Motion Practice. Another text’s sole comment is that “ now a direction by the court is required for any proceeding in the action to continue in the transferor county after the change of venue has been effected.” (2 Weinstein-KornMiller, N. Y. Civ. Prac., par. 511.09.)
The problem remains: which court — transferor or transferee— is referred to in CPLR 511 (subd. [d]) ? I have found no precedent, but, reading the phrase in context, I would conclude that it means the court which has ordered or is ordering the change of venue when the transfer is so directed or in connection therewith. Were the situation otherwise, it would appear that there would arise the possibility of intermediate motions bouncing back and forth between courts, with attendant delay, not to mention the concomitant confusion of, and disrespect for, the judicial process.
In light of the foregoing discussion, I hold that this court at this time has no discretion in this matter, and that the motion here was properly brought in the Civil Court of the City of New York, Kings County. An action having been duly trans-, ferred to another court, this court has no further jurisdiction in that action in respect of motions or applications therein. If the defendant felt aggrieved by the disposition of the Civil Court heretofore referred to, his proper remedy was by way of appeal from, or by way of an application for reargument in, that court.
Accordingly, both the defendant’s motion for judgment dismissing the complaint and the plaintiff’s cross motion to strike the affirmative defense are denied, without prejudice to and not on the merits, but for lack of jurisdiction.[2]

. In McKinney’s Consolidated Laws of New York (Book 7B, CPLR) it is said, under the heading of “Legislative Studies and Reports”, that this provision of CPLR 326 (subd. [b]): “ wiould of course give way to a specific provision to the contrary, such as the portion of section 325(e) preserving an objection to jurisdiction after removal from a County Court to the Supreme Court, and the preservation of the right to jury trial after transfer to a Surrogate’s Court under section 325(d).” It is to be noted that no such limitation appears in CPLR 325 (subd, [e]), which, as indicated (supra), is the relevant statute here.

. Since the order of removal was made by the Supreme Court prior to September 1, 1963, and the Civil Court order of self-denial was made thereafter, I have felt impelled to consider the applicability of the provisions of both the Civil Practice Act and the Civil Practice Law and Rules (see CPLR 101 and 10003).