Leo Brown, J.
This is a motion by the plaintiffs for an order removing and transferring the action from the Civil Court to this court "upon the ground that said Civil Court does not have jurisdiction to grant the relief to which the plaintiffs are entitled”, and further granting leave to serve an amended bill of particulars on the ground that "the damages *776 sustained by plaintiffs are greater in amount than set forth in the original Bill of Particulars.”
The sole basis on which the application is predicated is that the special damages set forth in the original bill of particulars although it alleged that plastic surgery would be required for the two plaintiffs denominated as infants, it did not set forth the estimated cost of the plastic surgery and attending hospitalization which "were left for a supplemental Bill of Particulars.” It appears that one of these plaintiffs is no longer an infant and this may also be true of the other. Nowhere in the moving papers is there any request by these plaintiffs for an increase in the ad damnum clause. ;
The action which is to recover for personal injuries sustained in a collision between two motor vehicles was originally commenced in this court and having been denied a general preference it was transferred to the Civil Court under CPLR 325 (subd [d]) by an order of this court dated October 23, 1974. An examination of the file indicates that the complaint demanded judgment in favor of the plaintiff Wendal Daniels in the amount of $15,000, in favor of the plaintiff Shelton Daniels in the amount of $25,000, and in favor of the mother for loss of services in the total amount of $10,000.
The plaintiffs do not deny that numerous conferences on this action have been held in the Civil Court and that the trial has been adjourned on several occasions at the request of the attorney for the plaintiffs.
The plaintiffs are in error in their contention that in these circumstances the Civil Court lacks jurisdiction to grant to plaintiffs the relief they seek.
CPLR 325 (subd [d]) provides that if the Appellate Division determines that calendar conditions in a lower court permit, it may by rule provide that a court in which the action is pending may, in its discretion, remove the action without consent to the lower court. The Appellate Division, Second Department, has made such a determination. Pursuant thereto, the following rule has been adopted for the Supreme Court, Queens County (22 NYCRR 795.14): "The Appellate Division having determined that calendar conditions in the Civil Court of the City of New York, Queens County, will permit transfer of cases thereto, the Supreme Court may remove any action or proceeding pending in the Supreme Court to the Civil Court of the City of New York in accordance with the provisions of CPLR 325(d).” It was in accord *777 anee with the foregoing rule that this action was transferred to the Civil Court.
CPLR 305 (subd [d]) continues as follows: "If the action is so removed, then the verdict or judgment shall be subject to the limitation of monetary jurisdiction of the court in which the action was originally commenced and shall be lawful to the extent of the amount demanded within such limitation.”
Inasmuch as the plaintiffs do not seek any increase in the demand for judgment, it follows that the Civil Court has jurisdiction to grant a verdict or judgment for the amounts demanded in the complaint in the action originally commenced in this court. There is, thus, no ground for retransfer of the case here. Accordingly, that branch of the motion is denied.
Since the case is being left in the Civil Court, that court is the proper forum in which to seek permission either to amend the bill of particulars in the manner sought or to serve a supplemental bill of particulars. This court is without jurisdiction to entertain such an application. That branch of the motion is, therefore, also denied, with leave, however, to the plaintiffs to make such application with respect to the bill of particulars in the Civil Court as they may deem advisable.