Frederic E. Hammer, J.
The plaintiff in this medical *46 malpractice action moves to vacate an order of this court removing the action to the Civil Court, Queens County.
Plaintiff commenced this action in the Supreme Court, Queens County, on March 13, 1975 and served a verified complaint wherein she demanded damages in the sum of $50,000. Pursuant to statute (CPLR 325, subd [d]) and the Rules of the Supreme Court, Queens County (22 NYCRR 795.14) an order was entered on March 10, 1976 removing the action to the Civil Court; the order was entered without the consent of the parties.
In support of her motion, plaintiff contends that the order of removal deprives her of the right to appear before a medical malpractice panel. There is merit to this contention. An action may be removed to the Civil Court under CPLR 325 (subd [d]) without regard to any statutory or constitutional limitations on the amount of money damages which may be awarded by that court (Daniels v Russell, 81 Misc 2d 775; NY Const, art VI, § 19, subd [k]). However, it appears that in every other respect an action so removed is treated as a Civil Court action. Thus, the right to appeal (Roy v Hartogs, NYLJ, July 9, 1975, p 14, col 8) and the right to tax costs (Supplementary Commentaries, McKinney’s Cons Laws of NY, Book 7B, 1975-1976 Pocket Part, CPLR 325, p 64) are governed by the statutory provisions applicable to any Civil Court action.
Under section 148-a of the Judiciary Law and the Rules of the Appellate Division, Second Department (22 NYCRR 684.1 et seq.) a hearing before a medical malpractice panel may be obtained only in a Supreme Court action and this court holds that no such hearing may be obtained in an action removed to the Civil Court pursuant to CPLR 325 (subd [d]).
Plaintiff properly instituted this action for $50,000 in the Supreme Court and the action would have continued in this court but for an order of removal made without her knowledge or consent. Had the action continued in this court, plaintiff’s statutory right to a hearing before a medical malpractice panel would have been unquestioned. She now asserts that right and it cannot be denied her.
Moreover, this disposition is in accord with the legislative intent in providing for the establishment of panels to hear medical malpractice cases wherein substantial damages are sought. These panels were established to ameliorate the medical malpractice insurance crisis in this State by reducing excessive verdicts in medical malpractice cases and the con *47 comitant high cost of medical malpractice insurance (see Halpern v Gozan, 85 Misc 2d 753).
Accordingly, the motion is granted; the order of March 10, 1976 is vacated, and this action is restored to the calendar of this court.