OPINION OF THE COURT
Benjamin F. Nolan, J.
This negligence action was brought in Bronx County to recover $100,000 in money damages for personal injuries. By subsequent order of the Supreme Court, it was transferred to the Civil Court pursuant to CPLR 325 (subd [d]) thus retaining the original ad damnum in the Civil Court. Plaintiff, thereafter, brought this motion to amend his complaint to increase the ad damnum to $500,000. His supporting papers adequately *207 demonstrate aggravation of a pre-existing arthritic condition and his consequent inability to work; but, defendant contends that the motion should be denied on grounds that the Civil Court lacks jurisdiction to determine a motion to increase the ad damnum arguing that the Civil Court’s jurisdiction is limited by CPLR 325 (subd [d]) to the "monetary jurisdiction of the court in which the action was originally commenced and shall be lawful to the extent of the amount demanded within such limitation.” This contention cannot stand, here, because there is no limitation to the monetary jurisdiction of the (Supreme) court, in which the action was originally commenced. Defendant erroneously seeks to construe the rule to mean "subject to the limitation of the amount originally demanded in the court in which the action was originally commenced” — which it does not.
Defendant further contends that "a motion of this nature can only be made in Supreme Court, which has full jurisdiction over this matter.” This contention must be rejected because CPLR 326 (subd [b]) very clearly provides that "[subsequent proceedings shall be had in the court to which it [the action] has been ordered removed as if the action had been originally commenced there”. In Mather v Ginsroe, Inc. (45 Misc 2d 674), the transferor (Supreme) court was held to be without jurisdiction to hear a motion for judgment dismissing the complaint after the case had been transferred to the Civil Court.
Accordingly, plaintiff having satisfactorily demonstrated his right to increase the ad damnum, his motion is in all respects granted, on condition that defendant have the opportunity to have a further physical examination of plaintiff if the same is demanded within 30 days of the date of an order entered in accordance with this decision.