BARRY S. HUSTON et al., Respondents, v PREBHAKAR RAO, Appellant.

Second Department, April 14, 1980

## APPEARANCES OF COUNSEL

*Lester Holtzman (Gerald Richman* and *Abraham L. Shapiro* of counsel), for appellant.

*Glabman, Rubenstein, Reingold & Rothbart (Ivan W. Hametz* of counsel), for respondents.

## OPINION OF THE COURT

GIBBONS, J.

This action was commenced in the Supreme Court, Queens County, on April 17, 1973 by the plaintiffs to recover damages

for personal injuries sustained by them as the result of an automobile accident which occurred on January 13, 1973.

Under the *ad damnum* clause of the complaint, Barry Scott Huston (hereafter the plaintiff) demanded judgment in the amount of $50,000.

As set forth in his first bill of particulars, the plaintiff's injuries involved soft tissue damage resulting in acute low back sprain and pain with limitations of motion in the lower back, neck and radiating to the shoulder, and partial loss of hearing in the left ear. His special damages amounted to $867.68, of which approximately $400 was for alleged loss of earnings.

By order dated July 2, 1977, the action was transferred to the Civil Court of the City of New York, Queens County, pursuant to CPLR 325 (subd [d]).

The plaintiff claims, in his proposed amended bill of particulars dated March 30, 1979, that after the action had been removed to the Civil Court there was a progressive deterioration in his physical condition which required several admissions to Roosevelt Hospital for intermittent treatment, eventually culminating in hospitalization between July 4 and July 13, 1978 for neurosurgical procedures. These procedures included an anterior C5-C6 diskectomy, followed by fusion of the vertebral bodies of the C5-C6, which entailed the taking of a bone graft from the right iliac crest. The plaintiff now claims special damages in the amount of $31,048.04, of which approximately $20,000 represents loss of earnings.

By notice of motion dated April 19, 1979, the plaintiff moved in the Supreme Court for an order permitting him to serve an amended complaint increasing the *ad damnum* clause of his cause of action to the sum of $750,000 and an amended bill of particulars to which reference was made above.

The motion did not include a request to retransfer the action from the Civil Court to the Supreme Court pursuant to CPLR 325 (subd [b]).

In addition to claiming that the motion was improperly granted by Special Term because the plaintiff submitted neither his affidavit of merits nor an excuse for the delay in making the motion, and that his physician's affidavit failed to show causal relationship between the accident and the more recent medical treatment and greater damages set forth in his amended bill of particulars, the defendant also claims that Special Term was without jurisdiction to grant the motion.

Relying on *Southwell v New York City Tr. Auth.* (96 Misc 2d 206), defendant argues that upon removal to the lower court, CPLR 325 (subd [d]) should be construed to mean that the Civil Court becomes endowed with the same unlimited monetary jurisdiction as the Supreme Court, and that since CPLR 326 (subd [b]) provides that upon transfer all subsequent proceedings are to be had in the transferee court, it follows that the power to grant a motion to increase the amount of the *ad damnum* clause of the complaint reposes exclusively within the Civil Court.

The legislative purpose in enacting CPLR 325 (subd [d]) was to create a procedural device, consonant with subdivision a of section 19 of article VI of the New York State Constitution under which a higher court can freely transfer cases, without consent, to lower courts of limited jurisdiction in order to reduce trial calendar congestion.

Resolution of the question presented here involves a consideration of the following portion of CPLR 325 (subd [d]): "If the action is so removed, then the verdict or judgment shall be subject to the limitation of monetary jurisdiction of the court in which the action was originally commenced and shall be lawful to the extent of the *amount demanded* within such limitation." (Emphasis added.)

When an action is transferred from the Supreme Court to the Civil Court pursuant to CPLR 325 (subd [d]), such removal is based upon a consideration by the court of the nature and the extent of the plaintiff's injuries and his special damages and it involves a judicial determination "that the amount of damages sustained may be *less than demanded,* and the lower court would have had jurisdiction but for the amount of damages *demanded."* (Emphasis added.)

Essentially, this language evinces a legislative intent that the measure of a recovery in the transferee court may exceed its own monetary jurisdiction only, however, up to the "amount demanded" in the complaint.

The phrase "within such limitation" pertains to the monetary jurisdictional limit of the transferor court, here, the Supreme Court, and not to the lower court, here, the Civil Court.

The authority conferred by CPLR 326 (subd [b]) upon the transferee court to control all subsequent proceedings must, therefore, be read with this limitation imposed upon the lower

court's power to increase the "amount demanded" in the complaint.

It was not the legislative intent that an action once removed to a lower court may not ever be retransferred, nor was the section intended to be construed to mean that a lower court to which the action was removed should have conferred upon it the *unlimited* monetary jurisdiction of the Supreme Court.

The statute was drawn with an awareness that circumstances may change which would warrant a return of the action to the Supreme Court, and if the section were to be construed to mean that the Civil Court could increase the demand without monetary limit, such retransfer would forever be foreclosed with the harsh result that a case worthy of Supreme Court disposition would be irretrievably relegated to the lower court. To give to the statute a construction which would confer upon the Civil Court the unlimited monetary jurisdiction of the Supreme Court beyond the "amount demanded" in the complaint would be to create a result not contemplated by the Legislature.

With respect to retransfer to the Supreme Court, CPLR 325 (subd [b]) provides, *inter alia,* as a ground for removal, as follows: "From court of limited jurisdiction. Where it appears that the court in which an action is pending does not have jurisdiction to grant *the relief to which the parties are entitled,* a court having such jurisdiction may remove the action to itself upon motion." (Emphasis added.)

Thus, if it should appear that a plaintiff's injuries have become more serious and that his special damages have increased since the action was removed to a lower court and that the matter has reached a point where his possible recovery may reasonably exceed the amount stated in the *ad damnum* clause of his complaint, under such circumstances, the plaintiff's recourse is to move in the Supreme Court for an order granting leave to increase the amount of the *ad damnum* clause, and, at the same time, he *must* move for a retransfer of the action to that court under CPLR 325 (subd [b]). The action, with its posture thus changed, requires a renewal and re-evaluation of the same issue of the possible extent of the plaintiff's recovery which was initially considered by the Supreme Court when the case was removed in the first instance and to which the question should again be referred.

When such change develops a potential for an increased

monetary recovery in an action which has been transferred from the Supreme Court, the situation is not different from a case initially commenced in a lower court which evolves in the same way, and both are subject to transfer under CPLR 325 (subd [b]).

To the extent that *Southwell v New York City Tr. Auth.* (96 Misc 2d 206, *supra)* holds to the contrary, this court determines that the rule expressed therein is incorrect and is not consonant with the patent legislative intent underlying CPLR 325 (subd [d]) that the transferee court may not increase the "amount demanded" in the complaint in the action.

There is no substance to defendant's contention that Special Term was without jurisdiction to grant an order permitting the service of an amended complaint increasing the *ad damnum* clause. Special Term, however, in granting the motion, abused its discretion for the reason that the moving papers contain neither plaintiff's affidavit of merits nor an excuse for any delay in making of the instant motion, the same being essential elements on a motion to amend *(Koi v P. S. & M. Catering Corp.,* 15 AD2d 775; *Ferrari v Paramount Plumbing & Heating Co.,* 20 AD2d 878; *Battaglia v Elliot Dev. Corp.,* 34 AD2d 980). Furthermore, there was no motion for a retransfer.

Plaintiff's assertion that his motion addressed to the Supreme Court for an order amending the *ad damnum* clause of the complaint and for leave to serve an amended bill of particulars implies a motion for retransfer to the Supreme Court is unpersuasive. Orderly procedure requires that, in such circumstances, a formal motion for retransfer be included in the moving papers.

In *Daniels v Russell* (81 Misc 2d 775, 777), it was held that plaintiff's motion in the Supreme Court for an order removing an action from the Civil Court to the Supreme Court and for leave to serve an amended bill of particulars must be denied for the reason that, in the absence of a motion for leave to increase the *ad damnum* clause of the complaint, the motion to serve an amended bill of particulars should have been made in the Civil Court, and that without a motion to increase the *ad damnum* clause, "[t]here is, thus, no ground for retransfer of the case here".

By parity of reasoning, where a motion is made in the Supreme Court to increase the *ad damnum* clause of a complaint in an action which had been removed from the Su-

preme Court to the Civil Court, as is the case here, such motion must be coupled with a motion for retransfer to the Supreme Court because retransfer is required to afford the plaintiff a forum of greater monetary jurisdiction where he may recover the damages to which he deems himself to be entitled in a sum in excess of the amount demanded initially in his complaint.

The order should be reversed, and the motion denied, without prejudice to a motion at Special Term by the plaintiffs for an order removing the action from the Civil Court, Queens County, to the Supreme Court, Queens County, and for leave to amend the complaint by increasing the *ad damnum* clause and to serve an amended bill of particulars.

HOPKINS, J. P., TITONE and LAZER, JJ., concur.

Order of the Supreme Court, Queens County, dated June 5, 1979, reversed, on the law, with $50 costs and disbursements, and motion denied, without prejudice to plaintiffs' moving at Special Term, if they be so advised, for an order removing the action from the Civil Court, Queens County, to the Supreme Court, Queens County, and for leave to amend the complaint by increasing the *ad damnum* clause and to serve an amended bill of particulars.