OPINION OF THE COURT
Herbert Kramer, J.
Is a third-party defendant doctor in an action transferred from the Supreme Court to the Civil Court, pursuant to CPLR 325 (subd [d]), entitled as of right to review by a Supreme Court medical malpractice panel?
By order of the Supreme Court dated October 29,1980, a typical negligence action was transferred to Civil Court, *418 retaining its original jurisdictional amount. A third-party action sounding in medical malpractice was instituted by the service of a summons dated October 30, 1980. In due course, it appeared on the Trial Calendar in Civil Court at which time the third-party defendant doctor moved for review by a medical malpractice panel, as established by section 148-a of the Judiciary Law and the Appellate Division rules thereunder.[1]
The oral application was initially denied on the record, whereupon an appeal was taken to the Appellate Term, Second Department, which court stayed only the trial of the third-party action. The order denying the panel review was immediately recalled for a full decision upon thorough briefing by the parties and adequate reflection by the court.[2]
Since the enabling statute mandates review by a medical malpractice panel in “actions * * * in the Supreme Court”, at first blush it would appear that the panel is unavailable in Civil Court actions. However, the fact that this case was instituted in the Supreme Court and then removed to the Civil Court has implications that must be considered.
*419 CPLR 325 (subd [d]) allows the Supreme Court to transfer actions commenced there to the Civil Court for reasons of calendar control, while the action retains its Supreme Court jurisdictional amount.[3]
CPLR 326 clothes the court below with the jurisdictional accouterments of the Supreme Court in such cases.[4]
Thus, for most purposes, the receiving court, upon the transfer, is possessed with the jurisdictional and procedural resources of the Supreme Court.[5]
Section 148-a of the Judiciary Law creates the medical malpractice panel for “actions * * * in the Supreme Court.”[6] This court holds that “actions *** in the Supreme Court” and “Supreme Court actions” are synonymous for the purposes presented herein.
The clear intent of section 148-a of the Judiciary Law is to provide additional protections from groundless and inflated medical malpractice claims, especially those involving substantial sums. (CPLR 214-a; Judiciary Law, § 148-a.)[7] The expressed legislative purpose would be thwarted *420 by allowing this case, involving an amount far in excess of this court’s original jurisdiction, to proceed without being processed by the panel. Having thus determined that the third-party defendant is entitled to review by a malpractice panel, this court encounters an administrative quandary and a procedural quagmire.
There is no actual or inherent authority in this court to order the clerk of the Supreme Court to add this matter to the panel calendar. Even if this court had such authority, the administration thereof would undoubtedly cause internal confusion, resulting in judicial inefficiency. Similarly, this court cannot order the matter retransferred to the Supreme Court. None of the various subdivisions of CPLR 325, the statutory authority for removal, would allow this procedure. (La Placa v Boorstein, 87 Misc 2d 45.) The proper procedure for the third-party defendant is to move in the Supreme Court for retransfer to that court. (Huston v Rao, 74 AD2d 127, supra; La Placa v Boorstein, supra.) This relief cannot be granted by the Civil Court.
Having determined that the third-party defendant is entitled to panel review, that this court cannot accord him that remedy, and that the Supreme Court, because of calendar conditions in this county, may retransfer the case back to this court, we are reminded of a problem faced by the Chancery Court in Matter of Annesley (1 Ch 692 [1926]). That court asked, as this court must: Is this trip necessary?
This court should be empowered, in the interest of the efficiency of the Bar and Bench, to issue all the orders necessary to carry out the mandate of the Judiciary Law concerning medical malpractice panels. This has been better put as follows: “The overlap and inconsistencies between the CPLR and the Constitution spell confusion and uncertainty for the practitioner, especially when coupled with the need to refer to the implementing rules of the various appellate divisions. The entire removal system wastes time, energy and money that could far better be expended otherwise. CPLR 325 has been termed Virtually superfluous and in dire need of recasting ... [T]he present guidelines for ... transfers are woefully inadequate, erroneous, unwarranted and obfuscatory.’ Patchwork repairs *421 through judicial rulemaking are inadequate; what is needed is the creation of a unified court system.” (1 Weinstein-Korn-Miller, NY Civ Prac, par 325.19a.)
This court cannot reward the movant for making his motion in the wrong court. Thus, this court orders a coterminous stay of the main action until the vacation of the Appellate Term stay of the third-party action.
Motion for the appointment of a medical malpractice panel by this court is regretfully denied for lack of jurisdiction, not of right.

. Section 148-a of the Judiciary Law:
“Medical malpractice panel established
“(1) Each appellate division of the Supreme Court shall establish within its judicial department a medical malpractice panel or panels to facilitate the disposition of medical malpractice actions, including malpractice actions where a hospital is a named defendant, in the supreme court. The number and locations of such panels and the rules governing the operation thereof shall be determined by the respective appellate divisions.”
Section 684.1 of the Rules of the Appellate Division, Second Department (22 NYCRR 684.1):
“Malpractice panels established.
“(a) There is hereby established in each of the counties of the second judicial department, except Putnam County, a medical malpractice panel to facilitate the disposition of medical malpractice actions in the Supreme Court, and a separate malpractice panel in each of said counties for actions against podiatrists in the Supreme Court.
“(b) Any such actions which may be instituted in Putnam County shall be referred to an appropriate panel established for Westchester County.”

. This court must comment on the procedure followed by the parties in making an oral application on the record without briefing or citation of cases. It appears that there is but one decision in this State on the issue in question and that case is not completely controlling on the point at issue here. Although the parties had the notice of appeal, the order, and the order to show cause for the Appellate Term, they did not think it necessary to provide this court with an adequate basis for a proper decision.

. CPLR 325 (subd [d]) — Grounds for removal without consent to court of limited jurisdiction. “The appellate division, if it determines that the calendar conditions in a lower court so permit, may by rule provide that a court in which an action is pending may, in its discretion, remove such action without consent to such lower court where it appears that the amount of damages sustained may be less than demanded, and the lower court would have had jurisdiction but for the amount of damages demanded. If the action is so removed, then the verdict or judgment shall be subject to the limitation of monetary jurisdiction of the court in which the action was originally commenced and shall be lawful to the extent of the amount demanded within such limitation. A waiver of jury trial in the first court is inoperative after the removal.”

. CPLR 326 (subd [b]) provides in pertinent part: “Subsequent proceedings shall be had in the court to which it has been ordered removed as if the action had been originally commenced there and no process, provisional remedy or other proceeding taken in the court from which the action was removed shall be invalid as the result of the removal.”

. The lower court is prohibited, however, from increasing the ad damnum clause. (Huston v Rao, 74 AD2d 127.) See, also, Loomis v Corinno Constr. Corp. (54 NY2d 18) which allowed the increasing of the ad damnum clause after verdict. The careful practitioner should be aware of the potentially limited application of Loomis in CPLR 325 (subd [d]) transfers in light of the rule enunciated by the Second Department in Huston.
An appeal from a CPLR 325 (subd [d]) case is taken to the Appellate Term. (CCA, § 1701; 22 NYCRR 730.1.) It should be noted, however, that the Appellate Division rules could provide for the appeal of CPLR 325 (subd [d]) cases to the Appellate Division at its option.
This court cannot transfer a case back to Supreme Court. See discussion (infra).

. See n 1, supra.

. See Governor’s messages (NY Legis Ann, 1974, p 379; 1975, p 419).