■ FRED STRINA et al., Respondents, v ROBERT TROIANO et al., Appellants and Third-Party Plaintiffs. MICHAEL GAMBARO et al., Third-Party Defendants-Respondents.—In an action to recover damages for personal injuries, etc., the defendants and third-party plaintiffs appeal from an order of the Supreme

Court, Kings County (Kramer, J.), dated April 17, 1985, which granted the plaintiffs' motion for summary judgment on the issue of liability, dismissed the third-party complaint, and directed a trial on the issue of damages.

Order reversed, on the law, with costs, and motion dismissed for lack of jurisdiction.

Our review of the original file maintained by the Clerk of the Civil Court with respect to this action has revealed that an order transferring the matter from the Supreme Court to the Civil Court, pursuant to CPLR 325 (c), signed by Justice Duberstein, was entered in the office of the Clerk of Kings County on May 7, 1984. By virtue of that order the Supreme Court relinquished subject matter jurisdiction as of that date (see, Forest-Fehlhaber v State of New York, 74 AD2d 272; Mather v Ginsroe, Inc., 45 Misc 2d 674; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C326:1, p 468), and therefore had no authority to consider the plaintiffs' subsequent motion for summary judgment (see, Jones v Robinson, 81 AD2d 907; Komorowski v Smith, 74 AD2d 841). That the parties continued to litigate the matter in the Supreme Court after it had been transferred and failed to raise the existence of the transfer order before Special Term does not alter this result since subject matter jurisdiction cannot be conferred by consent and a defect in subject matter jurisdiction cannot be waived (see, Robinson v Oceanic Steam Nav. Co., 112 NY 315, 324). Lazer, J. P., Bracken, Brown and Kooper, JJ., concur.