■ BONNIE MITTMAN, Respondent, v INTERNATIONAL MENS-WEAR, LTD., Appellant.—In an action to recover damages for breach of an employment agreement, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Golden, J.), dated March 24, 1986, as, upon transferring the action from the Civil Court of the City of New York, Kings County, to the Supreme Court, Kings County, and increasing the ad damnum clause, sua sponte, transferred the action back to the Civil Court pursuant to CPLR 325 (d).

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court did not err or abuse its discretion in retransferring the action back to the Civil Court, pursuant to CPLR 325 (d), after first transferring the action to itself so

that it could increase the ad damnum clause *(see, Huston v Rao,* 74 AD2d 127). It is not at all illogical that the Supreme Court might conclude that the plaintiff's damages will ultimately be more than the $25,000 originally sought but less than the $40,888.25 now sought in the increased ad damnum clause. Nor does it appear that the issues are so complex as to warrant a trial in the Supreme Court, with its attendant delays. Finally, the CPLR 325 (d) retransfer does not negate the other relief granted. The plaintiff's recovery, if any, will now be subject to the monetary jurisdiction of the transferor Supreme Court, up to a ceiling of the amount sought in the increased ad damnum clause. Thompson, J. P., Niehoff, Weinstein and Spatt, JJ., concur.