OPINION OF THE COURT
William Ritholtz, J.
Plaintiff, Evan K. Gordon, brought this action against the Board of Education of the City of New York to recover damages for personal injuries he sustained when his hands and arms were severely cut. The plaintiff, a student at Brooklyn Technical High School, was injured when he placed his hands on a panel of wired safety glass mounted in a swinging fire door at the school, and the glass broke causing the safety wires to become imbedded in his forearms.
The plaintiff commenced the action in the Supreme Court, *285 Kings County, on November 4, 1980. Under the ad damnum clause of the complaint, the plaintiff demanded judgment in the amount of $300,000.
As set forth in his bill of particulars, the plaintiff’s injuries included avulsions of the left forearm, arm and right wrist; scarring with keloidal formation; injury to the nerves; and mental anguish. Plaintiff’s physical injuries are permanent. His special damages were for hospital bills, doctors’ bills and medical supplies.
By order dated May 21, 1985, the action was transferred to the Civil Court of the City of New York, Kings County, pursuant to CPLR 325 (d). The matter came to trial on October 6, 1986, in Part 29, Civil Court, Kings County. On October 17, 1986, the jury returned a verdict in favor of the plaintiff for $1,000,000.
Subsequent to the jury verdict, the plaintiff moved for an order pursuant to CPLR 3025 (b) and (c), granting plaintiff leave to conform the pleadings to the proof, to the extent of amending the ad damnum clause to the sum of $1,000,000. The motion did not include a request to retransfer the action from the Civil Court to Supreme Court pursuant to CPLR 325 (b). In addition to the plaintiff’s motion, the defendant moved to set aside the verdict as being grossly excessive. The issue now before this court is whether, after a verdict in a case before the Civil Court pursuant to CPLR 325 (d), the Civil Court has the jurisdiction to allow a plaintiff to increase the ad damnum clause in the complaint when the amount sought exceeds the Civil Court’s monetary jurisdiction.
Relying on CPLR 3025 (c), which provides that "The court may permit pleadings to be amended before or after judgment to conform them to the evidence”, the plaintiff argues that the Civil Court, in this case, has the discretionary power to grant plaintiff’s motion and to allow an award in excess of the ad damnum clause. The plaintiff further relies on Loomis v Corinno Constr. Corp. (54 NY2d 18, 20), which held "that a motion made by a plaintiff to increase the amount of relief requested in the ad damnum clause of the complaint, whether made before or after verdict, may be granted in the absence of prejudice to the defendant.”
In addition to arguing against the jury verdict as being excessive so as to shock the conscience of the court, and not sufficiently supported by the evidence, the defendant also claims that the Civil Court lacks subject matter jurisdiction to amend the ad damnum clause.
*286 Relying on Lachman v Herdman (Civ Ct, Queens County 1980), defendant argues that upon removal to the lower court, CPLR 325 (d) should be construed to mean that the Civil Court has a monetary jurisdiction up to the amount conferred on it by the Supreme Court, the amount of the ad damnum clause in the complaint.
The legislative purpose in enacting CPLR 325 (d) was to create a procedural device under which a higher court can freely transfer cases to lower courts of limited jurisdiction in order to reduce Trial Calendar congestion. When an action is transferred from the Supreme Court to the Civil Court pursuant to CPLR 325 (d), such removal is based upon a consideration by the court of the nature and the extent of the plaintiff’s injuries and his special damages.
CPLR 325 (d) states in part the following: "If the action is so removed, then the verdict or judgment shall be subject to the limitation of monetary jurisdiction of the court in which the action was originally commenced and shall be lawful to the extent of the amount demanded within such limitation.”
Essentially, this language shows a legislative intent that the measure of a recovery in the transferee court may exceed its own monetary jurisdiction only, however, up to the amount demanded in the complaint. (Huston v Rao, 74 AD2d 127 [2d Dept 1980].) It was not the legislative intent that an action once removed to a lower court may not ever be retransferred, nor was the intent to give the lower court the unlimited monetary jurisdiction of the Supreme Court. The statute was written with an understanding that a case may warrant a return to the Supreme Court. (Huston v Rao, supra.)
With respect to retransfer to the Supreme Court, CPLR 325 (b) provides: "From court of limited jurisdiction. Where it appears that the court in which an action is pending does not have jurisdiction to grant the relief to which the parties are entitled, a court having such jurisdiction may remove the action to itself upon motion.”
If it should appear that a plaintiffs recovery may reasonably exceed the amount stated in the ad damnum clause of his complaint, the plaintiffs recourse is to move in the Supreme Court for an order granting leave to increase the amount of the ad damnum clause, and, at the same time, he must move for a retransfer of that action to that court under CPLR 325 (b). (Huston v Rao, supra.)
When a plaintiff before the Civil Court on a CPLR 325 (d) *287 case obtains a jury verdict greater than the amount in the ad damnum clause of the complaint, and he then seeks to increase the ad damnum clause, he must move to do so in Supreme Court. Such motion must be coupled with a motion for retransfer because such retransfer is required to afford the plaintiff a forum of greater monetary jurisdiction. He may then recover the damages to which he is entitled in a sum excess to the amount originally demanded in the complaint.
Accordingly, the motion by the plaintiff in this case cannot be entertained by this court. The Civil Court lacks subject matter jurisdiction to rule on a motion to increase the ad damnum clause in a complaint above the amount demanded in the complaint when the case comes before the court under CPLR 325 (d). The proper procedure is for the plaintiff to make a motion pursuant to CPLR 325 (b) in Supreme Court, Kings County, for an order retransferring the case to Supreme Court. If the plaintiff is successful in retransferring the case to Supreme Court, he can then move to increase the ad damnum clause, however, if he is unsuccessful, the plaintiff must accept the limited jurisdiction conferred on the Civil Court and live within the limit of his ad damnum clause. The plaintiff’s motion for an order pursuant to CPLR 3025 (b) and (c) is denied, without prejudice. The plaintiff is free to make the proper motions in the Supreme Court.