■ LEONARD PULERWITZ et al., Appellants, v SIGMUND RAND, Respondent.—In a collection action, in which the defendant has asserted a counterclaim based on allegations of, *inter alia,* medical malpractice, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Lockman, J.), dated February 27, 1987, which denied their motion to remove the counterclaim from the District Court to the Supreme Court, Nassau County.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiffs brought an action in the District Court, Nassau County, against the defendant to recover the sum of

$100 for medical services rendered. The defendant interposed a counterclaim seeking a judgment in the principal sum of $5,000 against the plaintiffs. Both the plaintiffs' claim and the defendant's counterclaim were properly brought in the District Court (see, UDCA 202, 208 [b]). Since neither party claims that the relief to which they are entitled is beyond the monetary jurisdiction of the District Court (cf., Huston v Rao, 74 AD2d 127), since the District Court clearly has jurisdiction over both the claim and the counterclaim, and since no related action is now pending in the Supreme Court with which the present action could be consolidated, the Supreme Court is not authorized to transfer the action, or to sever the action and transfer the counterclaim, to itself (see, NY Const, art VI, § 19 [a]; CPLR 325 [a], [b]; Matter of Dalliessi v Marbach, 56 AD2d 858; cf., CPLR 602 [b]). The inability of the Supreme Court to remove the action or the counterclaim from the District Court to itself is unaffected by the circumstance that a medical malpractice panel would be available in the Supreme Court but not in the District Court of Nassau County (Judiciary Law § 148-a; 22 NYCRR 202.56, 684.1).

The present case, in which both the plaintiffs and the defendant brought their respective claims in the District Court in the first instance, is to be distinguished from those cases in which a medical malpractice action, brought in the Supreme Court, had been transferred to a lower court pursuant to CPLR 325 (d) (see, e.g., La Placa v Boorstein, 87 Misc 2d 45). In such cases, the Supreme Court may properly vacate its prior order, made pursuant to CPLR 325 (d), upon a showing that prejudice has resulted from the unavailability of a panel in the lower court (see also, Marenga v Shaw, 112 Misc 2d 417 [holding that the Supreme Court may retransfer to itself an action previously transferred to the Civil Court pursuant to CPLR 325 (d), where a physician has been added as a third-party defendant after the original transfer]).

Were we to conclude that the Supreme Court had the authority to order the transfer of the present action or to order the severance and transfer of the counterclaim only, we would nevertheless affirm the order under review. Both the main claim and the counterclaim are well within the monetary jurisdiction of the District Court. The unavailability of a medical malpractice panel in District Court is not, in our view, so prejudicial to the plaintiffs as to warrant transferring the action from that court to the Supreme Court solely for that reason. Therefore, even if such removal were authorized by law, we conclude that it would be proper to deny the

motion for a transfer under these circumstances, as a matter of discretion *(see, La Placa v Boorstein, supra; Marenga v Shaw, supra)*. Mangano, J. P., Bracken, Eiber and Spatt, JJ., concur.