■ KIMBERLY GRAHAM, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [637 NYS2d 701] —Order, Supreme Court, New York County (Salvador Collazo, J.), entered August 29, 1994, which, inter alia, denied defendant's motion, pursuant to CPLR 5015, to vacate a so-ordered stipulation, unanimously modified, on the law and the facts, to grant the motion and, except as thus modified, affirmed, without costs or disbursements.

Under one of three index numbers which had been purchased with respect to it, this action was transferred, pursuant to CPLR 325 (d), to the Civil Court on February 21, 1990, apparently without opposition from plaintiff. On November 24, 1992, Civil Court dismissed the action, as deemed abandoned, pursuant to CPLR 3404. Thereafter, under one of the two remaining Supreme Court index numbers, there was continued activity in the Supreme Court with respect to the action. On December 3, 1993, the parties signed a stipulation—subsequently so ordered by the Supreme Court—that plaintiff was to file her note of issue by February 28, 1994. Defendant moved, inter alia, to vacate the so-ordered stipulation and to deem as abandoned the two index numbers which had not been specified in the order transferring the action to the Civil Court. The Supreme Court denied vacatur; we modify to vacate the stipulation.

By virtue of the transfer of the action to the Civil Court, the Supreme Court was deprived of subject matter jurisdiction and had no authority to conduct any further proceedings with respect to this case. (See, Strina v Troiano, 119 AD2d 566, 567.) Moreover, since "subject matter jurisdiction cannot be conferred by consent and a defect in subject matter jurisdiction cannot be waived" (supra, at 567), it is of no moment whether, after the case was transferred to the Civil Court, defendant engaged in any conduct which impliedly acknowledged that the action remained active in the Supreme Court.

Nor do the facts that more than one index number had been assigned to the Supreme Court action and that the order of transfer referred to only one of these numbers suggest that the action remained alive in the Supreme Court after the transfer.

Only one action was commenced; multiple index numbers do not signal multiple actions. After the transfer, any proceedings in the Supreme Court were a nullity. At that point, only the Civil Court had jurisdiction to adjudicate the matter, and it is there that plaintiff's remedy, if any, lies.

Finally, we reject defendant's contention that plaintiff's conduct in continuing to litigate the matter warrants the imposition of sanctions for frivolous conduct pursuant to 22 NYCRR 130-1.1 and affirm that aspect of the order on appeal. Concur—Sullivan, J. P., Wallach, Ross and Williams, JJ.