■ KEY BANK OF NEW YORK, Plaintiff, v KARL V. ANTON, JR., et al., Defendants. (Action No. 1.) WESTERN SURETY COMPANY, Appellant, v PETER BODKIN, Respondent. (Action No. 2.) [724 NYS2d 640] —In an action to foreclose a mortgage (Action No. 1) and an action to recover damages, *inter alia*, for breach of contract (Action No. 2), Western Surety Company appeals from an order of the Supreme Court, Suffolk County (Underwood, J.), dated January 18, 2000, which granted the motion of Peter Bodkin to remove Action No. 2 from the County Court, Suffolk County, and consolidate it with Action No. 1 pending in the Supreme Court, Suffolk County, and upon granting consolidation, dismissed the complaint in Action No. 2.

Ordered that the order is reversed, on the law, the motion is denied, and Action No. 2 is reinstated; and it is further,

Ordered that the clerk of the Supreme Court, Suffolk County, is directed to turn over all of the files in Action No. 2, entitled *Western Surety Company v Bodkin*, Index No. 09791/1999, to the clerk of the County Court, Suffolk County; and it is further,

Ordered that the appellant is awarded one bill of costs.

Action No. 1, a mortgage foreclosure action, was commenced in the Supreme Court, Suffolk County, on July 1, 1992. Peter Bodkin, the defendant in Action No. 2, was appointed receiver in Action No. 1. On July 15, 1992, Bodkin applied for and obtained a receiver's surety bond from the plaintiff in Action No. 2, Western Surety Company (hereinafter Western). Action No. 1 was settled on August 18, 1998. Western commenced Action No. 2 against Bodkin in April 1999 in County Court, Suffolk County, alleging, *inter alia*, that Bodkin had failed to pay five years of bond premiums and failed to indemnify it for, *inter alia*, costs and attorney's fees in connection with the bond, pursuant to the agreement between the parties. Despite the fact that Action No. 1 had already settled, the Supreme Court, Suffolk County, granted Bodkin's motion in Action No. 2 to remove that action to the Supreme Court and consolidate it

with Action No. 1; the Supreme Court then granted Bodkin's motion to dismiss the complaint.

The plain language of CPLR 602 provides that, as a condition to the removal of an action from one court to the Supreme Court for consolidation with an action in that court, there must be an action pending in the Supreme Court (*see,* CPLR 602; *see generally, Pulerwitz v Rand,* 141 AD2d 623, 624 [where "no related action is now pending in the Supreme Court with which the present action [brought in the District Court] could be consolidated, the Supreme Court is not authorized to transfer the action" to itself]). As Action No. 1 was settled and no longer pending in the Supreme Court, the Supreme Court erred in granting that branch of the motion which was to remove Action No. 2.

In light of our determination, we further find that the Supreme Court should not have entertained that branch of Bodkin's motion which was to dismiss Action No. 2. Accordingly, the complaint in that action is reinstated, and the matter is remitted to the County Court for further proceedings. Santucci, J. P., Luciano, Feuerstein and Adams, JJ., concur.