OPINION OF THE COURT
Dianne T. Renwick, J.
Plaintiff Noel Bess commenced this tort action in Supreme *675 Court, Bronx County, alleging labor law violations. The action was later transferred to Civil Court pursuant to CPLR 325 (d). Four years later, plaintiff moves for an order transferring the action back to Supreme Court. The dispositive issue is whether Supreme Court has the wherewithal to facilitate such a transfer at this stage of the proceedings for the reasons averred by movant plaintiff.
Background
In 1999, plaintiff Noel Bess commenced this tort action in New York State Supreme Court, Bronx County, seeking to recover money damages for personal injuries sustained on July 6, 1998, while doing construction/demolition work. Reportedly, before his accident, plaintiff had been removing metal beams and ceiling fans while standing on an elevated platform. The platform collapsed, causing plaintiff’s fall and injuries.
On October 29, 1999, the justice presiding over the preliminary conference removed the case to Civil Court, by an order entered pursuant to CPLR 325 (d) and Uniform Rules for Trial Courts, without the consent of the parties. As reported by one of the parties opposing the motion (defendant),[1] the transfer was triggered by the court’s assessment that plaintiff had sustained only “mild to moderate” injuries (“laceration of the lower lip, and vague allegations of pain and trauma”).
Four years later, plaintiff moves in Supreme Court for an order transferring the case back to Supreme Court. Plaintiff argues that Supreme Court initially erred in ordering a transfer to Civil Court based upon the incorrect assessment of the severity of the injuries that plaintiff had suffered. As reported in the bill of particulars, allegedly available to the court at the preliminary conference, plaintiff sustained “very serious injuries” in the nature of a “compression fracture, herniated disk at L4-L5, bulging disk at [L5]-S1, all with resulting pain, restriction, weakness and limitations.” In addition, plaintiff claims that the case has “languished” in Civil Court for four years with no real expectation of reaching trial anytime soon. Such inordinate delay, plaintiff argues, warrants the transfer of the case back to Supreme Court. Defendant and third-party defendant, on the other hand, argue that Supreme Court was divested of jurisdiction over the case once it was transferred to Civil Court.
*676 Discussion
Under rules enacted on the authority of CPLR 325 (d),[2] which implement article VI, § 19 (k) of the New York Constitution, various courts, notably the Supreme Court, can transfer a case down to a lower court. Uniform Rules for Trial Courts (22 NYCRR) § 202.12 (c) (4) and § 202.13 permit such a transfer from Supreme Court to New York City Civil Court. CPLR 325 (d) expands the monetary jurisdiction of the lower court for the cause of action so transferred to the ad damnum clause of such action. Thus, upon transfer, the lower court can grant a judgment in the case in the amount of the original demand in the higher court, even though it exceeds the regular monetary jurisdiction of the lower court. (See CPLR 325 [d].)
The legislative purpose of enacting CPLR 325 (d) was to create a procedural device under which a higher court can freely transfer cases to lower courts of limited jurisdiction to reduce trial calendar congestion in Supreme Court. (Gordon v Board of Educ. of City of N.Y., 134 Misc 2d 284 [Civ Ct 1987]; see also, 74 Siegel’s Practice Review [Aug. 1998]; Siegel, NY Prac § 27 [2d ed].) “What was contemplated by the drafters of [CPLR § 325 (d)] was that the transfer-down power would be used only on cases at or reasonably near the monetary limit of the lower court in the area.” (74 Siegel’s Practice Review, at 1 [Aug. 1998].)
Contrary to defendants’ suggestion, however, it was not the legislative intent that a transfer to Civil Court pursuant to CPLR 325 (d) would irrevocably divest the Supreme Court of jurisdiction over the transferred case. (See Huston v Rao, 74 AD2d 127 [2d Dept 1980].) For instance, an action may be removed from a lower court, like New York City Civil Court, where it appears that the court in which an action is pending does not have jurisdiction to grant the relief to which the particular plaintiff is entitled. (Huston v Rao, 74 AD2d 127 [2d Dept 1980].) For example, in Zuckermann v Spector (287 AD2d 402 [1st Dept 2001]), the appellate court ordered a retransfer to Supreme Court, where the declaratory relief sought by plaintiffs was not within the Civil Court’s subject matter jurisdiction. In Zuckermann, after the physicians discharged their attorney, he billed them for fees he claimed they had not *677 paid. They sued him, seeking, inter alia, a declaration that he was discharged for cause and they owed him nothing. The appellate court held that since the physicians were seeking declaratory relief which could only be granted by a court of general jurisdiction, Supreme Court, the action had to be transferred back to such a court from the court of limited jurisdiction, Civil Court, to which it had been transferred earlier.
Another circumstance where Supreme Court has been compelled to order a retransfer to the higher court is when the transfer to the lower court engenders substantial prejudice. (See e.g., La Placa v Boorstein, 87 Misc 2d 45 [Sup Ct, Queens County 1976]; Schwartz v New York City Tr. Auth., 104 AD2d 370 [2d Dept 1984]; but see, Pulerwitz v Rand, 141 AD2d 623 [2d Dept 1988].) For instance, in La Placa v Boorstein (supra), plaintiffs medical malpractice action, brought in Supreme Court, was removed to New York City Civil Court pursuant to CPLR 325 (d). The removal deprived plaintiff of the statutory right of a hearing before a medical malpractice panel, since such right is not available in Civil Court. (See Judiciary Law § 148.) Finding that plaintiff should not be denied such an important right, Supreme Court granted plaintiffs motion seeking to transfer the case back to Supreme Court. (La Placa v Boorstein, supra.)
Circumstances may also change subsequent to the transfer warranting a transfer back to Supreme Court. The classic example is when it appears that a plaintiffs recovery may reasonably exceed the amount stated in the ad damnum clause of her complaint. In such a situation, the Supreme Court would entertain a motion for a retransfer of the action to that court for the purpose of granting leave to increase the ad damnum clause. (See e.g., Huston v Rao, supra; Pulerwitz v Rand, 141 AD2d 623 [2d Dept 1988]; Mittman v International Menswear, 125 AD2d 377 [2d Dept 1986].) A motion to increase the ad damnum clause must be made in Supreme Court because Civil Court does not have the power to grant such relief. (See Francilion v Epstein, 144 AD2d 633, 633-634 [1988]; 1 Weinstein-Korn-Miller, NY Civ Prac 325.11; Siegel, NY Prac § 25 [2d ed]; but see, Southwell v New York City Tr. Auth., 96 Misc 2d 206 [Civ Ct 1978].)
Nevertheless, absent the aforementioned extraordinary or compelling circumstances, a Supreme Court has no authority to facilitate a CPLR 325 (d) retransfer. (See, La Placa v Boorstein, supra; Schwartz v New York City Tr. Auth., supra; cf. *678 Tobias v New York Hosp., 279 AD2d 374 [1st Dept 2001] [transfer not improper since plaintiff sustained no prejudice by it].) Indeed, pursuant to the foregoing statute, once an action has been transferred, “the fiction arises that the action was commenced in the transferee court initially * * * [and] [t]he transferor court is thus robbed of all further jurisdiction in the case, and cannot hear subsequent motions.” (Yuan Zhai v Chemical Bank, 180 Misc 2d 442, 445 [Civ Ct 1999], quoting McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C326:l, at 591; see, Mears v Chrysler Fin. Corp., 243 AD2d 270, 271 [1st Dept 1997] [once Supreme Court transfers an action to Civil Court, Supreme Court effectively “ ‘loses all further jurisdiction to act’ ” in the proceeding (citation omitted)]; Graham v New York City Hous. Auth., 224 AD2d 248 [1st Dept 1996] [“By virtue of the transfer of the action to the Civil Court, the Supreme Court was deprived of subject matter jurisdiction and had no authority to conduct any further proceedings with respect to this case”]; see also, Mather v Ginsroe, Inc., 45 Misc 2d 674 [Sup Ct 1965].)
In this case, the court is not convinced that extraordinary or compelling circumstances exist to warrant a transfer of the case back to Supreme Court. To begin with, this is not the case where the possible recovery may exceed the amount stated in the ad damnum clause. Thus, there is no dispute that plaintiff can be adequately compensated for his injuries within the jurisdictional limits of the Civil Court as expanded by CPLR 325 (d). (Cf. Huston v Rao, supra; Pulerwitz v Rand, 141 AD2d 623 [2d Dept 1988]; Mittman v International Menswear, 125 AD2d 377 [2d Dept 1986].)
Rather, as alluded to before, plaintiff argues that the original transfer was improper because the court failed to realize that the sustained injuries were severe enough to preclude a transfer under CPLR 325 (d). However, except where a party questions subject matter jurisdiction, which is never waived, a party’s remedy is to challenge the Supreme Court’s transfer order by way of reargument or by prescribed appellate procedure. (See, Zuckermann v Spector, 287 AD2d 402 [1st Dept 2001].) A Supreme Court order transferring a case down to Civil Court, pursuant to CPLR 325 (d), is an appealable order to the Appellate Division. (See Tobias v New York Hosp., 279 AD2d 374 [1st Dept 2001]; Samuels v Cauldwell-Wingate Co., 262 AD2d 178 [1st Dept 1999].) Thus, in light of plaintiffs dilatory conduct (four years) in making this motion, plaintiff has forfeited any right he had for review of the original determina *679 tion, at the preliminary conference, transferring the action to Civil Court based on the assessment of the extent of the injuries as only “mild to moderate.”
Nor is this court convinced that the circumstances of this case have significantly changed since then to warrant a transfer back to Supreme Court. Plaintiffs averment that the action has been languishing in Civil Court with no immediate prospect of reaching a trial is not an extraordinary or compelling reason for facilitating its transfer back to Supreme Court. Indeed, such a transfer with its attendant delays would not guarantee that plaintiff would reach a more expeditious adjudication in Supreme Court. On the contrary, the goals of judicial economy and efficiency could only be hampered, not furthered, by permitting a retransfer based solely on the fact of the delay in adjudication of the action in the lower court. Such a ruling would be an administrative nightmare; it would surely open a Pandora’s box, by encouraging parties to move for re-transfer whenever a party feels her case has not progressed at a satisfactory pace in Civil Court. Also, it would undoubtedly cause many cases to move full circle with the attendant unnecessary administrative cost.
Conclusion
In sum, this court rejects defendant’s and codefendant’s notion that Supreme Court is irrevocably divested of jurisdiction over a case that has been transferred to Civil Court, pursuant to CPLR 325 (d). Nevertheless, this court is not convinced that plaintiffs alleged predicament — his case languishing in Civil Court, presumably shared by other transferred cases — is a sufficient reason to facilitate its retransfer to Supreme Court, in light of the countervailing policy considerations mentioned above. Such considerations, along with the long delay in making this motion, require a denial of plaintiffs motion seeking an order transferring this action back to Supreme Court.

. The motion is also opposed by third-party defendant Long DeLosa Construction Group, which was not part of the action when the preliminary conference occurred on October 29, 1999.

. CPLR 325 (d) provides that “a court in which an action is pending may, in its discretion, remove such action without consent to such lower court where it appears that the amount of damages may be less than demanded, and the lower court would have had jurisdiction but for the amount of damages demanded.”