■ LEONORA MORAN, Appellant, v REGENCY SAVINGS BANK, F.S.B. et al., Defendants, and ROSENFELD, BERNSTEIN & TANNENHAUSER, as Trustee, Respondents. BARRY SISKIN, ESQ., Nonparty Appellant. [819 NYS2d 729]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered September 21, 2005, which granted the motion of

defendant Rosenfeld, Bernstein & Tannenhauser (RBT) for attorneys' fees and costs incurred in its motion for summary judgment and response to the ensuing appeal to the extent of referring the amount of fees to a Special Referee, and denied the cross motion by attorney Siskin on behalf of plaintiff for sanctions against said defendant, unanimously affirmed, without costs.

Although the underlying matter was transferred to Civil Court pursuant to CPLR 325 (d) during the pendency of the prior appeal, Supreme Court retained jurisdiction to entertain the motion for fees based on this Court's remand of the matter to such court solely for a determination of the reasonable amount of those fees (20 AD3d 305, 306 [2005]). Supreme Court had jurisdiction over the action when the prior appeal was taken (*see Mears v Chrysler Fin. Corp.*, 243 AD2d 270 [1997]). The court's July 2003 order which awarded RBT fees and expenses and imposed sanctions predated the transfer order as did the notice of appeal.

Even if the motion court was divested of jurisdiction with respect to the action by virtue of the transfer, this Court retained the power to remand the matter to the Supreme Court, reconferring jurisdiction for implementation of the aspects of the prior appeal concerning legal fees and sanctions. Thus, the fees and sanctions were not "further" proceedings as to which the Supreme Court would have no subject matter jurisdiction (*cf. Strina v Troiano*, 119 AD2d 566, 567 [1986] [following transfer of action to Civil Court, Supreme Court lacked jurisdiction to hear a posttransfer summary judgment motion]).

This Court's July 2005 order is also properly a "retransfer" authorized by CPLR 325, which is appropriate where there are "extraordinary or compelling circumstances" (*see Bess v Fordham Rd. Stor. Partners*, 195 Misc 2d 674, 678 [Sup Ct, Bronx County 2003]). "Retransfer" may only be ordered by Supreme Court; it is not a Civil Court prerogative (*see* Vincent C. Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C325:5).

We have considered attorney Siskin's remaining arguments and find them without merit. Concur—Tom, J.P., Friedman, Sullivan, Gonzalez and Catterson, JJ.