■ DOMINICK BLASI, Respondent, v. CARMEN BOUCHER, Defendant and Third-Party Plaintiff-Appellant, et al., Defendants, et al., Third-Party Defendants.— In an action to foreclose a mortgage on real property, the defendant-mortgagor appeals from a judgment of the Supreme Court, Kings County, dated June 23, 1967, in plaintiff's favor after a nonjury trial. Judgment reversed, on the law and on the facts and in the exercise of discretion, and new trial granted, with costs to abide the event. This is an action by the assignee of a real property mortgage for foreclosure of the mortgage. Appellant-mortgagor interposed a counterclaim and third-party complaint in which she asserts that she was induced to purchase the property through the fraud of plaintiff and others. Plaintiff served a demand for a bill of particulars (requesting a great

number of items) on December 27, 1966; and on January 27, 1967, Special Term made an order precluding appellant from offering any evidence on the counterclaim and third-party complaint unless she served her bill of particulars within 30 days after service of the order. The bill was served on April 22, 1967 and rejected. On April 24, 1967, by order to show cause, appellant moved to vacate the order of preclusion. The motion was returnable on April 28, 1967, which was the date fixed for trial. The Trial Justice orally ruled that the motion was denied and properly refused to refer it to the Justice who had made the conditional preclusion order (cf. CPLR 2221). In our opinion, CPLR 2221 does not mandate that a motion to vacate a conditional order must be referred to the Justice who made the order, where the motion is returnable on the day of trial. The situation at bar presents an exceptional case and the doctrine against collateral vacatur is not applicable (*Willard* v. *Willard*, 194 App. Div. 123; *People* v. *National Trust Co.*, 31 Hun 20; N. Y. Legis. Doc., 1959, No. 17, pp. 183–184). However, we are of the further opinion that the trial court erred in improvidently denying the motion to vacate. Appellant's severe illness is not contradicted and her inability to aid her attorney in framing the bill of particulars is an adequate excuse explaining the default. The denial of the motion was a ruling made during the course of the trial and, in view of the reversal of the judgment, the question of vacatur of the preclusion order is reopened and the motion should be granted. Brennan, Acting P. J., Rabin, Benjamin, Munder and Martuscello, JJ., concur.