■ SCHUNNEMUNK VILLAGES, INC., et al., Respondents, v MARVIN H. GREENE et al., Appellants.—In an action *inter alia* for specific performance of a contract for the sale of real property, defendants appeal from an order of the Supreme Court, Orange County, entered July 25, 1975, which, *inter alia,* denied their oral motion to dismiss the complaint on the ground that plaintiffs failed to comply with an order of preclusion. Order affirmed, without costs or disbursements. Plaintiffs' time to serve their bill of particulars is extended until 20 days after entry of the order to be made hereon. Following partial testimony of one of the plaintiffs on April 22, 1975, the trial was recessed and, on the following day, an oral motion to dismiss the complaint was made on the ground that plaintiffs were precluded from offering evidence due to their failure to comply with an order of preclusion dated March 23, 1972. Thereafter, the trial court conferred with counsel in an attempt to effect a settlement which failed to materialize. Following statements on the record, as well as affidavits of the attorneys relative to the preclusion order, the trial court continued to confer with both sides in an effort to effect a settlement, but to no avail. Plaintiffs' attorney contended that, notwithstanding the order of preclusion, he understood that depositions of the plaintiffs, together with the production of the necessary exhibits and documents, would suffice and act as a substitute for the bill of particulars and that his adversary orally consented to that understanding. In denying defendants' motion, the trial court ruled that both parties had meritorious claims involving serious questions of law and fact, and stated: "The basic underlying premise of CPLR 3042(c) is to force the reluctant party to furnish information so as not to surprise the demanding party at the day of trial. In light of this, the Court requested that the defendants' counsel furnish a statement as to any possible prejudice sustained by his client as a result of the plaintiffs' failure to serve the bill. The Court finds that the statement fails to allege one fact which would indicate that the defendants would be prejudiced. Further, there has been no showing that the defendants are lacking any of the information demanded." We have held that, on a proper factual showing, a defaulting party may vacate a preclusion order *(Blasi v Boucher,* 30 AD2d 674). The situation in the present case is similar and, accordingly, the order should be affirmed. Cohalan, Acting P. J., Margett, Damiani, Rabin and Hawkins, JJ., concur.