KATRINA A. DALRYMPLE et al., Plaintiffs, v MARTIN LUTHER KING COMMUNITY HEALTH CENTER et al., Defendants and Third-Party Plaintiffs-Respondents. BENJAMIN S. K. BING, Third-Party Defendant-Appellant.

Second Department, April 13, 1987

**APPEARANCES OF COUNSEL**

*Wilson, Elser, Moskowitz, Edelman & Dicker (Andrew S.*

*Kaufman* and *Richard T. Mermelstein* of counsel), for third-party defendant-appellant.

*Bower & Gardner (Howard R. Cohen* and *Lois K. Ottombrino* of counsel), for defendants and third-party plaintiffs-respondents.

## OPINION OF THE COURT

SULLIVAN, J.

In this appeal, we are called upon to decide the impact of an apparent conflict between the Uniform Rules for the Supreme Court and the County Court (22 NYCRR part 202) promulgated by the Chief Administrative Judge of the Courts in implementation of the Individual Assignment System (hereinafter IAS) and the Civil Practice Law and Rules. Specifically involved in this case are CPLR former 2221 and 22 NYCRR 202.2 (a) and 202.8 (a).[*]

The main action, sounding in medical malpractice, was commenced by the service of a summons and complaint on or about April 18, 1980, and issue was joined on or about June 11, 1980. A note of issue was served by the plaintiffs on May 3, 1983. On or about August 3, 1983, the defendants third-party plaintiffs-respondents served a third-party summons and complaint and issue was joined in the third-party action on or about September 21, 1983.

Thereafter, the third-party defendant-appellant moved to dismiss the third-party complaint or in the alternative, for severance of the third-party action. The basis for this application was twofold: (1) laches on the part of the defendants third-party plaintiffs in instituting the third-party action, and (2) the inability of the third-party defendant to be ready for trial promptly in a complex brain damage case including a review of approximately 4,000 pages of discovery material from the main action. Pursuant to the then existing rules of Supreme Court, Suffolk County (22 NYCRR 790.15 [b]), the motion was returnable in Special Term, Part I. In an order dated March 1, 1984, Justice Underwood granted the motion

---

[*] Such a conflict could only exist during the limited period of January 6 to July 16, 1986. Any further potential conflict was eliminated by Laws of 1986 (ch 355) which amended CPLR former 2221 to provide that: "The chief administrator may by rule exclude motions within a department, district or county from the operation of subdivision (a) of this rule". This amendment became effective July 17, 1986.

to the extent that the third-party action was severed from the main action, holding that: "Under the circumstances presented, 'it would be unfair to require the third-party defendant to proceed to trial without an adequate opportunity to complete pretrial disclosure' ".

Sometime after January 6, 1986, this entire matter, i.e., the main action and the severed third-party action, was assigned to Justice Tanenbaum under IAS. 22 NYCRR 202.3 (b) states as follows: "Assignments. Actions and proceedings shall be assigned to the judges of the court upon the filing with the court of a request for judicial intervention pursuant to section 202.6 of this Part. Assignments shall be made by the clerk of the court pursuant to a method of random selection authorized by the Chief Administrator. *The judge thereby assigned shall be known as the 'assigned judge' with respect to that matter and, except as otherwise provided in subdivision (c), shall conduct all further proceedings therein*" (emphasis added).

The defendants third-party plaintiffs moved before Justice Tanenbaum for leave to renew the prior motion which resulted in the severance order of Justice Underwood and, upon renewal, for restoration of the third-party action to the Trial Calendar and for consolidation of the third-party action with the main action. The third-party defendant cross-moved to dismiss the third-party action. On March 27, 1986, both the motion and cross motion were returnable before Justice Tanenbaum as the assigned Judge pursuant to 22 NYCRR 202.8 and after hearing the various attorneys on the record, the motion, *inter alia,* for renewal of the severance motion was granted and the cross motion was denied.

The third-party defendant appeals from so much of the order as granted the motion, *inter alia,* for renewal, and, upon renewal, denied the severance motion. The sole argument of the third-party defendant is that CPLR former 2221 precluded Justice Tanenbaum from considering this motion and that it had to be referred to Justice Underwood who had granted the initial motion for a severance.

We disagree and affirm the order of Justice Tanenbaum insofar as appealed from.

At the time of this motion, CPLR former 2221 provided:

"Rule 2221. Motion affecting prior order.

"A motion for leave to renew or to reargue a prior motion, for leave to appeal from, or to stay, vacate or modify, an order

shall be made, on notice, to the judge who signed the order, unless he is for any reason unable to hear it, except that:

"1. if the order was made upon a default such motion may be made, on notice, to any judge of the court; and

"2. if the order was made without notice such motion may be made, without notice, to the judge who signed it, or, on notice, to any other judge of the court.

"A motion made to other than a proper judge under this rule shall be transferred to the proper judge".

In commenting on the object of this rule, the Appellate Division, Fourth Department, has said: "It accords with the aim of sparing the time and effort of the second Justice to familiarize himself with a matter already familiar to a colleague. Deviating from this practice is wasteful of judicial time and, if countenanced, would cause confusion and vexatious litigation contraproductive to the orderly administration of justice" (*Maggiore v Maggiore,* 49 AD2d 1021).

The concept that underlies CPLR former 2221, that continuity in judicial supervision of an action advances the expeditious disposition of the matter and avoids the waste of time, finds its logical extension in the IAS and the Uniform Rules promulgated to implement it. In short, both CPLR former 2221 and 22 NYCRR 202.8 have the same goal, namely, to have motions addressed to a common point decided by the same Judge. When case management operated under the Master Calendar concept, CPLR former 2221 was the means of maintaining some sense of continuity: under IAS, 22 NYCRR 202.8 insures the continuity.

However, even under the Master Calendar, we realized that there could be occasions when a rigid application of CPLR former 2221 would defeat its aim of eliminating "vexatious litigation contraproductive to the orderly administration of justice" (*Maggiore v Maggiore, supra,* at 1021). Thus, we have held that a motion to vacate a conditional order returnable before a Trial Judge may be decided by him without referral to the Judge who made the order (*Blasi v Boucher,* 30 AD2d 674).

In commenting on this decision, Professor Siegel noted that this was an exceptional case, and a literal interpretation of CPLR former 2221 would cause administrative problems (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2221:1, at 154). Clearly, the institution of the IAS on January 6, 1986, with the attendant assignment of all

pending cases to individual Justices for trial, brought all these cases within the purview of the "exceptional case" rule of *Blasi v Boucher (supra,* at 675), and outside a rigid literal interpretation of CPLR former 2221. This is particularly so in the instant case. Justice Tanenbaum was fully familiar with the case and its background and the likely timetable for a trial. Justice Underwood had not dealt with this matter for over a year and had no way of knowing the trial readiness of the case or of the part in which it would be tried. Judicial economy and the orderly administration of justice were best served by having this motion decided by Justice Tanenbaum.

Accordingly, the order under review should be affirmed insofar as appealed from.

MOLLEN, P. J., BRACKEN and BROWN, JJ., concur.

Ordered that the order is affirmed insofar as appealed from, with costs.