OPINION OF THE COURT
Sheri S. Roman, J.
The third count of this indictment charges the defendant *80 with incest in violation of Penal Law § 255.25 in that the defendant “on or about September 7, 1995, in the County of Queens * * * engage [d] in sexual intercourse * * * with [the complainant] a person whom he knew to be related to him, either legitimately or out of wedlock, as [a] * * * niece.” As part of defendant’s initial omnibus motion, a request was made for this court to inspect the Grand Jury minutes to determine if the evidence submitted was legally competent. In a written decision, dated July 3, 1996, this court granted inspection and made a determination that the testimony was sufficient to establish each element in the third count.
In New York State, “[a] person is guilty of incest when he * * * engages in sexual intercourse * * * with a person whom he * * * knows to be related to him * * * as [a] * * * niece” (Penal Law § 255.25). The testimony before the Grand Jury did establish a prima facie case with respect to each element contained in count three; however, the inquiry does not end at this juncture.
On the eve of trial, the District Attorney turned over to the defendant, as part of the Rosario material, the Grand Jury testimony. The defendant then moved for reinspection of the Grand Jury minutes claiming an omission of corroboration testimony. He argued that although the People may have presented proof with respect to each element under count three, the evidence submitted was still legally insufficient to sustain the charge of incest.
The District Attorney opposed defendant’s request for reinspection, claiming that the request was not timely, having been made almost two years after the defendant was arraigned on the indictment, clearly more than the 45 days permitted by law (CPL 255.20 [1]). Although the instant application was made on the eve of trial, CPL 255.20 (3) clearly states that the court must entertain and decide on the merits, at any time prior to the end of the trial, any appropriate pretrial motion based upon grounds which the defendant could not, with due diligence, have been previously aware. In light of the fact that disclosure of the Grand Jury testimony was opposed by the District Attorney, and disclosure was not granted until the eve of trial, this court rules that the present application is timely.
In his application to renew that portion of his omnibus motion to inspect and dismiss the indictment for failure to submit legally sufficient evidence, defendant claims that the evidence was legally insufficient to sustain the third count due to a failure by the District Attorney to submit independent corrobora *81 tion regarding the nature of the relationship between the complainant and the defendant.
Turning to the merits of defendant’s application, this court notes that, under Penal Law § 255.30 (2), “[a] person shall not be convicted of incest * * * solely upon the testimony of the other party unsupported by other evidence tending to establish that the defendant * * * was a relative of the other party” (emphasis added). Defendant claims that the corroboration requirement needed to sustain a conviction at trial is equally controlling for purposes of determining if an indictment is legally sufficient.
A Grand Jury may only indict a person if the evidence submitted is legally sufficient to sustain the conviction (People v Mayo, 36 NY2d 1002 [1975]). “ ‘Legally sufficient evidence’ means competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant’s commission thereof; except that such evidence is not legally sufficient when corroboration required by law is absent” (CPL 70.10 [1]).
Although Penal Law § 255.30 only addresses the incest corroboration requirement within the context of a conviction, the Criminal Procedure Law mandates that the corroboration needed at trial also be present when charges are submitted to the Grand Jury. The Criminal Procedure Law specifically states that evidence before the Grand Jury is not legally sufficient to establish that a person committed such offense if the corroboration that would be required, as a matter of law, to sustain a conviction at trial is absent (CPL 190.65 [1] [a]).
The failure of the District Attorney to provide factual corroboration of the relationship between the parties renders the proof with respect to count three legally insufficient as a matter of law.
The People are authorized to submit or resubmit the charges to another Grand Jury. The defendant’s bail conditions are to remain the same in accordance with the provisions of CPL 210.45.