OPINION OF THE COURT
Rolando T. Acosta, J.
Plaintiff moves to vacate a Supreme Court order issued on March 17, 1998. The motion requires the court to resolve a novel question regarding Civil Court’s jurisdiction: Does a Judge of the Civil Court possess the power under CPLR 2221 to vacate an order issued upon default by a Justice of the Supreme Court in an action which, although commenced in Supreme Court, has since been duly transferred to Civil Court pursuant to CPLR 325 (d).
BACKGROUND AND CONTENTIONS OF THE PARTIES
After plaintiff commenced this action in Supreme Court in 1996, defendants moved for, inter alia, an order granting partial summary judgment in their favor on plaintiff’s second cause of action. Supreme Court granted the motion on default and dismissed the second cause of action, plaintiff having failed to submit any opposition thereto. Soon thereafter, Supreme Court transferred the action to Civil Court pursuant to CPLR 325 (d).
Upon being served with a notice of entry of Supreme Court’s default order following the transfer, plaintiff promptly moved in Civil Court, pursuant to CPLR 5015, for an order vacating the default order which had been issued in Supreme Court eight months earlier. Plaintiffs motion to vacate is grounded upon the claim that plaintiffs failure to oppose defendants’ motion for partial summary judgment was the result of plaintiffs counsel’s “law office failure”.
Defendant, aside from contending that the alleged law office failure is insufficient to vacate the default order, argues that *444 Civil Court “does not have the authority to vacate a Supreme Court order” under CPLR 2221. Instead, plaintiffs remedy, according to defendant, is to move in Supreme Court for an order retransferring the action back to Supreme Court. Once there, plaintiff would then be required to move to vacate the default before the Supreme Court Justice who signed it.
DISCUSSION
The statute which delineates the rules regarding motions affecting a prior order of the court is CPLR 2221, which provides, in pertinent part, that: “[a] motion for leave to * * * vacate or modify, an order shall be made, on notice, to the judge who signed the order, unless he is for any reason unable to hear it”. (CPLR 2221 [a].)
The primary purpose of the foregoing same-Judge rule “is to prevent one nisi prius judge from in effect sitting as a court of appeals over a colleague.” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C2221:1, at 178.) Such review by a Judge of coordinate jurisdiction would be “ ‘a breach of comity which, if sanctioned, could only lead to unseemly conflicts of decision and to protracting the litigation.’ ” (Collins, Inc. v Olsker-McLain Indus., 22 AD2d 485, 489 [4th Dept 1965] [citations omitted].) The unseemly conflicts, of course, are only exacerbated when the Judge reviewing the prior order is a court of limited jurisdiction (i.e., Civil Court) and the Judge whose prior order is being “reviewed” is a superior court of general jurisdiction (i.e., Supreme Court).
A corollary purpose of the same-Judge rule is that it “accomplishes the administrative goal of sparing the time and effort of Judge Two on a matter already familiar to Judge One.” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C2221:1, at 178.)
An important exception to the same-Judge rule applies, however, when the prior order is issued upon “default” of one of the parties. Under such circumstances, the motion which affects the prior order, such as a motion to vacate, “may be made, on notice, to any judge of the court”. (CPLR 2221 [a] [1] [emphasis added].) The logical reason for the foregoing statutory exception “is that Judge One, who made the order upon the default, had no occasion to pass on the merits of the motion and is therefore not being ‘reviewed’ by colleague Judge Two.” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C2221:4, at 181.)
Although the foregoing default exception to the same-Judge rule is well recognized (see, Patron v Mutual of Omaha Ins. *445 Co., 129 AD2d 572 [2d Dept 1987]; Juers v Barry, 114 AD2d 1009 [2d Dept 1985]), defendant contends that the exception does not apply here because Civil Court — a court of limited jurisdiction — is not a court of coordinate jurisdiction with Supreme Court. Thus, defendant argues, a Judge of the Civil Court is not a “judge of the court”, before whom plaintiff is required to make his motion pursuant to CPLR 2221 (a) (1).
The court disagrees with defendant’s strained reading of CPLR 2221 (a) (1) and holds that in an action which has been transferred to Civil Court pursuant to CPLR 325 (d), a Civil Court Judge may, pursuant to the exception in CPLR 2221 (a) (1), vacate a prior order issued by a Supreme Court Justice where, as here, the prior order was issued upon default.
The phrase, “a judge of the court”, is not defined in CPLR 2221 and nothing in the plain language therein expressly limits the default vacatur power to “courts” of coordinate jurisdiction. Nor do the rules of statutory construction dictate such a limitation. Indeed, defendant fails to set forth any authority — case law or statutory — which mandates such a limited reading of CPLR 2221.*
Further, defendant’s restricted reading of CPLR 2221 (a) (1) simply cannot be reconciled with the language of CPLR 326 (b) which clearly evinces the legislative preference that all further proceedings in an action transferred pursuant to CPLR 325 (d) continue in the transferee court. CPLR 326 (b) provides, in pertinent part, that once an action is removed to a particular court, “ [subsequent proceedings shall be had in the court to which it has been ordered removed as if the action had been originally commenced there”.
Pursuant to the foregoing statute, once an action has been transferred, “the fiction arises that the action was commenced in the transferee court initially * * * [and] [t]he transferor court is thus robbed of all further jurisdiction in the case, and cannot hear subsequent motions.” (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C326:1, at 591 [emphasis added]; see, Mears v Chrysler Fin. Corp., 243 AD2d 270, 271 [1st Dept 1997] [once Supreme Court transfers an action to Civil Court, Supreme Court effectively *446 “ ‘loses all further jurisdiction to act’ ” in the proceeding] [citation omitted]; Graham v New York City Hous. Auth., 224 AD2d 248 [1st Dept 1996] [“By virtue of the transfer of the action to the Civil Court, the Supreme Court was deprived of subject matter jurisdiction and had no authority to conduct any further proceedings with respect to this case”]; see also, Mather v Ginsroe, Inc., 45 Misc 2d 674 [Sup Ct, NY County 1965].)
Thus, the court to which an action is transferred is the proper forum for any further motions or applications, assuming that the motion is otherwise in compliance with the dictates of CPLR 2221 (a) (1). (Cf., Ministry of Christ Church v Mallia, 129 AD2d 922, 923 [3d Dept 1987] [even where the same-Judge rule would otherwise apply, the policy underlying CPLR 2221 (a) may have to give way to the policies of having one Judge do everything in the case under the Individual Assignment System]; Dalrymple v Martin Luther King Community Health Ctr., 127 AD2d 69, 72-73 [2d Dept 1987] [same].)
Finally, none of the goals of the same-Judge rule are compromised by this court’s review of the motion to vacate. The judiciary’s interest in comity, for example, is not jeopardized in the slightest since in this particular case Supreme Court did not pass on the merits of the motion which gave rise to the prior order. Thus, it cannot be fairly said that this court, by entertaining the motion to vacate the prior order, is improperly “reviewing” in any way the propriety of the order issued by Supreme Court. There is, in effect, no law of the case to review. (See, Newman and Ahmuty, Jr., Law of the Case Doctrine, NYLJ, Mar. 3, 1999, at 3, col 1 [“for the prior decision to be the law of the case, the issue must have been actually resolved on the merits”].)
Indeed, in his current motion to vacate the prior order, plaintiff is not even implicitly claiming that the Supreme Court Justice erred, factually or legally, in granting the unopposed motion for partial summary judgment upon default. Instead, plaintiff is alleging facts regarding his reason for defaulting and the merits of the dismissed cause of action — facts which were not, and could not have been, before the Supreme Court Justice when he dismissed the cause of action upon default.
Furthermore, there is nothing about the status of Civil Court vis-a-vis the status of Supreme Court which renders the default exception in CPLR 2221 (a) (1) less applicable when the court which is reviewing the motion to vacate is not a court which has concurrent jurisdiction with the court which issued the prior affected order. Since Civil Court has jurisdiction of this *447 action pursuant to CPLR 325 (d), it simply does not legally matter that Civil Court may be a court of limited jurisdiction. Under these circumstances, this court’s review of the motion to vacate would not run afoul of the policy against having one Judge sit in effect as an appellate court over another.
Nor are the interests in judicial economy served by refraining from reviewing the motion to vacate. Again, since the motion for partial summary judgment was granted on default almost a year ago and since the action has been pending in Civil Court for about a year, it cannot be said that the Supreme Court Justice who issued the default order is likely to be familiar at all with the facts of this action or the underlying reasons for the plaintiff’s default. Accordingly, the laudable “administrative goal of sparing the time and effort of Judge Two on a matter already familiar to Judge One” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C2221:1, at 178) would not be compromised at all by this court’s review of the motion to vacate.
Indeed, the goal of judicial economy and efficiency could only be furthered, not hampered, by this court’s review of the motion to vacate. The alternative to review — i.e., the route suggested by defendant — would be an administrative nightmare, causing the action to unnecessarily travel full circle, from Civil Court to Supreme Court and then from Supreme Court back to Civil Court, all in an action which Supreme Court has already determined, pursuant to CPLR 325 (d), would be more appropriately litigated in Civil Court.
Should this court rule, for example, that it does not have the power under CPLR 2221 (a) (1) to decide the motion to vacate, the court, as a preliminary matter, would have to grant plaintiff leave to move in Supreme Court to retransfer the action back to Supreme Court since this court — a court of limited jurisdiction — simply does not have the statutory or constitutional power to remove or transfer an action over which it has subject matter jurisdiction upward to Supreme Court. (See, CPLR 325; NY Const, art VI, § 19 [f]; see also, Sirota v Sirota, 168 Misc 2d 123, 124 [App Term, 2d Dept 1996].)
Assuming that the motion to retransfer is granted (and that the court file is duly delivered to the appropriate clerk pursuant to CPLR 326 [b]), plaintiff would then have to move again in Supreme Court for an order vacating the prior affected, default order. If the motion to vacate is granted, Supreme Court would then be required to issue another transfer order (consistent with the determination underlying its prior order), *448 removing the action again to Civil Court pursuant to CPLR 325 (d).
The foregoing procedural somersaults may be justifiable where the important goal of comity is otherwise jeopardized, such as where the prior affected order is not issued on default. Further, there may be other circumstances which would require this court to facilitate the retransfer of a CPLR 325 (d) action back to Supreme Court. (See, e.g., Huston v Rao, 74 AD2d 127, 130 [2d Dept 1980] [where plaintiff, in action transferred to Civil Court pursuant to CPLR 325 (d), seeks to amend the ad damnum clause, plaintiff must first move to re-transfer the action to Supreme Court and then move to amend in Supreme Court]; Gordon v Board of Educ., 134 Misc 2d 284 [Civ Ct, Kings County 1987] [same].)
It makes absolutely no sense, however, to punt this somewhat routine motion into the procedural quandary of transfer orders, where, as here, no countervailing judicial or party interest would be advanced thereby. (Cf., Dalrymple v Martin Luther King Community Health Ctr., supra, 127 AD2d, at 72-73.) When all is said and done, defendant has failed to set forth any legitimate reason why this court should so cavalierly dispense with the dictates of CPLR 2221 (a) (1).
In short, in view of the plain language and underlying rationale of CPLR 2221 (a) (1) and the clear mandate of CPLR 326 (b), defendant’s contention that this court lacks the power to vacate a Supreme Court order issued upon default is without merit. This court holds that in an action which has been transferred to Civil Court pursuant to CPLR 325 (d), a Civil Court Judge may, pursuant to the exception in CPLR 2221 (a) (1), vacate a prior order issued by a Supreme Court Justice where, as here, the prior order was issued upon “default”.
THE MOTION TO VACATE
Upon receipt of the default order granting partial summary judgment to defendant, plaintiff promptly moved to vacate upon the ground that his failure to oppose the motion was due to “law office failure”. Plaintiff claims that he did not submit any opposition to the defendant’s motion because he believed, based upon a cursory review of the motion and counsel’s knowledge of a prior order which had been issued in the case, that the motion was merely seeking an order granting defendant leave to amend its answer to add a certain defense. Inasmuch as plaintiff did not object to the amendment which defendant sought, plaintiff did not oppose the motion. *449 Unbeknownst to plaintiff, however, defendant’s motion also sought an order granting partial summary judgment to defendant.
Based upon all the circumstances of this case, the court finds that plaintiffs default was excusable and that plaintiff has set forth a meritorious defense to the motion for partial summary judgment and a meritorious cause of action. The court also finds, however, that defendants should not have to bear the cost of plaintiffs law office failure. Thus, given this court’s discretion to grant relief from a default order on such terms and conditions as the court deems fair (Rubin v Payne, 103 AD2d 946 [3d Dept 1984]), and given the strong State policy favoring the determination of disputes on their merits (Scott v Allstate Ins. Co., 124 AD2d 481, 484; Picinic v Seatrain Lines, 117 AD2d 504, 508), the court exercises its discretion and vacates the default order issued March 17, 1998. The court also awards to the defendants the reasonable cost, including attorney’s fees, of defendant’s opposition to the motion to vacate and the defendant’s submission of a new motion for partial summary judgment. If the parties are unable to agree on the amount of reasonable costs, the parties may move for a hearing related thereto.
Accordingly, plaintiffs motion to vacate the default order issued by Supreme Court on March 17, 1998 is granted upon the above-described terms.

 Although the definition section of the CPLR provides that “[t]he word ‘court,’ as used in any provision concerning a motion, order or special proceeding, includes a judge thereof authorized to act out of court with respect to such motion, order or special proceeding” (CPLR 105 [g]), that provision does not aid the court at all in resolving the issue raised by the motion in this case.