OPINION OF THE COURT
Joseph D. Valentino, J.
Defendant is charged with escape in the first degree (Penal Law § 205.15 [2]) and it is alleged that defendant, “on or about August 19, 2007 at 915 N. Clinton Avenue in the City of Rochester, . . . having been charged with a class A or class B felony, to wit: Robbery with a Firearm, escaped from custody.” Following jury selection and the People’s proffer of an amended information from the State of Florida charging defendant with robbery with a firearm while discharging a firearm as the predicate class B felony for the charge of escape in the first degree, and upon first learning that only a bench warrant was presented to the grand jury, defendant again moved to dismiss the indictment for legal insufficiency pursuant to CPL 210.20 (1) (b) and (i) and 210.45 (1) and (4) (a). The People opposed the motion as untimely and meritless.
Acting County Court Judge Schwartz, in a decision dated January 8, 2008, denied a prior motion to dismiss the indictment for insufficiency or defects. However, the grand jury minutes were not released to defendant at that time. Defendant learned on February 21, 2008 that no accusatory instrument was presented to the grand jury to establish that defendant was charged with a class A or class B felony. On the same date, defendant learned that a bench warrant from Seminole County, Florida was presented to the grand jury. Notably, the bench warrant did not reference any statute under Florida law but did reference “robbery with a firearm.”
Because Judge Schwartz rendered a decision on the sufficiency of the grand jury minutes, defendant’s present motion is properly considered a motion to renew pursuant to CPLR 2221, based on new or additional proof unknown to defendant at the time of his prior motion — that being the failure of the People to present an accusatory instrument indicating the charges against defendant in the State of Florida.
A CPLR 2221 motion to renew is timely and is ordinarily made to the judge who signed the order. Where the judge who signed the order is unavailable to hear the motion to renew on the day of trial, another judge may entertain the motion without *446 violating the rule against collateral vacatur (see People v Jennings, 69 NY2d 103 [1986]; see also Blasi v Boucher, 30 AD2d 674 [2d Dept 1968]). Judge Schwartz is presently on vacation out of state and is unavailable to hear the instant motion. Furthermore, a jury has been selected. As such, this court will hear defendant’s motion to renew.
Additionally, although defendant’s motion is outside the 45-day period set forth in CPL 255.20, the court must entertain and decide on its merits, at anytime before the end of the trial, any appropriate pretrial motion based upon grounds of which the defendant could not, with due diligence, have been previously aware, or which, for other good cause, could not reasonably have been raised within the 45-day period (see CPL 255.20 [3]). In People v Brathwaite (176 Misc 2d 79 [Sup Ct, Queens County 1998]), the court entertained a motion to reinspect the grand jury minutes almost two years after the defendant was arraigned, on the eve of trial, and where the disclosure of the grand jury testimony was just made. As set forth above, defendant was not aware of the proof presented to the grand jury until it was disclosed on February 21, 2008. Defendant has shown good cause for this court to entertain his motion and that to do so is also in the interest of justice.
Upon defendant’s motion to renew, the court reinspected the grand jury minutes. The court concludes that the proof was insufficient to support the charge of escape in the first degree. “A person is guilty of escape in the first degree when . . . [h]aving been . . . charged with ... a class A or class B felony, he escapes from custody” (Penal Law § 205.15 [2]). The proof that defendant was charged with a class A or a class B felony, upon which the escape charge is predicated, was a bench warrant from the Circuit Court of the 18th Judicial Circuit for Seminole County, Florida, a comparison of Florida Statutes § 812.13 (2) (a) with Penal Law § 160.15 (2), and the prosecutor’s instruction that “all of the elements in the Florida statute match and are the same elements as the elements in the robbery in the first degree New York statute.” The bench warrant does not charge a crime, although this warrant references charges, including robbery with a firearm. No statutory reference to the charged crime was made in the bench warrant and no accusatory instrument accompanied the bench warrant. Without such additional information, it cannot be concluded that defendant was charged with a class A or class B felony. Significantly, under the People’s theory of determining whether the statute from the *447 other jurisdiction is the equivalent of a class A or class B felony, Florida Statutes § 812.13 (2) (a), robbery with a firearm, must be compared to New York statutes. When that comparison is made, the Florida statute is comparable to either robbery in the first degree (Penal Law § 160.15), a class B felony, or robbery in the second degree (Penal Law § 160.10), a class C felony. As such, it is necessary to refer to the accusatory instrument to determine whether the acts allegedly committed by defendant in the State of Florida constitute a class B or class C felony (see generally People v Gonzalez, 61 NY2d 586 [1984]). However, no such accusatory instrument was presented to the grand jury.
Turning to the People’s assertion that this court should resolve as a matter of law whether the Florida and New York robbery statutes are equivalent, escape in the first degree (Penal Law § 205.15 [2]) specifically refers to a class A or class B felony and is silent with respect to any charge from another jurisdiction. In contrast, the second felony offender statute (Penal Law § 70.06) and the persistent felony offender statute (Penal Law § 70.10) reference a conviction from another jurisdiction and how to determine whether such a conviction constitutes a predicate felony conviction in New York. Given the Legislature’s silence in Penal Law § 205.15, the escape statute, on a charge from another jurisdiction and the Legislature’s provisions in the second felony and persistent felony offender statutes (Penal Law §§ 70.06, 70.10) for a conviction from another jurisdiction, the court declines to read Penal Law § 205.15 as providing a corresponding provision for a charge from another jurisdiction. Significantly, the court’s research has not found and the parties have not submitted any case law that permits the People’s interpretation of comparing another state’s statutes to New York statutes in determining whether a charge from another jurisdiction can be the predicate charge for escape in the first degree. To construe the escape statute as incorporating such a provision would be to overstep the bounds of statutory construction and enter the forbidden realm of judicial legislating (see e.g. Matter of Jewish Home & Infirmary of Rochester v Commissioner of N.Y. State Dept, of Health, 84 NY2d 252, 264 [1994]).
Finally, in view of the above and upon defendant’s motion to renew, after reinspection of the grand jury minutes, the court *448 concludes that the proof presented to the grand jury was sufficient to establish the lesser included offense of escape in the third degree (Penal Law § 205.05). Accordingly, the first count is reduced to charge such offense pursuant to CPL 210.20 (1-a).
Regarding defendant’s motion to dismiss in the interest of justice, the court concludes this case does not present one of those rare instances in which dismissal in furtherance of justice is warranted (see People v Wright, 278 AD2d 820 [4th Dept 2000], Iv denied 96 NY2d 789 [2001]).