OPINION OF THE COURT
Michael A. Ciaffa, J.
CPLR 325 (d) authorizes the transfer of civil matters from the Supreme Court to a lower court “to reduce trial calendar congestion in Supreme Court.” (Bess v Fordham Rd. Stor. Partners, 195 Misc 2d 674, 676 [Sup Ct, Bronx County 2003].) While that purpose is laudable, such transfers sometimes come to this court with procedural complexities. This matter, for example, presents several knotty issues for determination. They include *461 whether the court has jurisdiction over subrogated claims made against Buffalo residents, and whether a post-transfer reargument/renewal motion ought to be decided by this court or by the Supreme Court.
The issues presented arise in the context of a property damage subrogation action in which plaintiff, Philadelphia Indemnity Insurance Company, renews a motion for summary judgment against defendants Goggins-Starr and Barlow. Suing as subrogee of its insured, Missionary Sisters of Our Lady of Mercy, plaintiff seeks to recover damages sustained as the result of a two-car collision that occurred in Buffalo, New York. Defendants Goggins-Starr and Barlow were the owner and driver of one of the vehicles. Due to defendant Barlow’s alleged negligence, her vehicle collided with the vehicle owned and operated by defendant Cox, allegedly causing the latter vehicle to strike and damage the subrogor’s property.
By order dated April 1, 2010, plaintiffs previous motion for summary judgment against Goggins-Starr and Barlow was denied by Supreme Court Justice Daniel Palmieri. The same order referred the case to this court pursuant to CPLR 325 (d) and Uniform Rules for Trial Courts (22 NYCRR) § 202.13 (h).
Before addressing the merits of the instant motion, two important procedural issues need to be considered. First and foremost, does this court have jurisdiction over the action? According to plaintiffs complaint, its insured’s property in Buffalo was damaged due to defendants’ negligence. Although the Supreme Court, Nassau County, is empowered by law to hear such a dispute, this court’s jurisdiction is limited by the Uniform District Court Act. (See UDCA 404.) When matters are removed to this court by order of the Supreme Court, as permitted (see CPLR 325 [d]), transfer of a given matter may properly be made to this court only if it “would have had jurisdiction but for the amount of damages demanded.” (Id.) Since the term “jurisdiction” in CPLR 325 (d) is unqualified, it “implies that both types of jurisdiction — subject matter and personal — must have existed in the lower court” in order to justify the transfer. (See Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C325:4, at 231; see also Spinnell v Doris L. Sassower, P.C., 155 Misc 2d 147, 150 [Civ Ct, NY County 1992].)
This court’s subject matter jurisdiction is not open to question. The complaint, on its face, seeks monetary damages from defendants “in the sum of at least $6,870.” Under the Uniform District Court Act, this court has subject matter jurisdiction to *462 determine such a claim, and as long as it also has personal jurisdiction over the parties, it may decide the case without regard to whether the damages might exceed $15,000. (See UDCA 202, 404; CPLR 325 [d].)
However, the court’s exercise of personal jurisdiction over defendants hinges on its “long-arm” powers under UDCA 404 (a), and general jurisdictional principles. Defendants are apparently Buffalo residents (see exhibit 2 to plaintiffs motion, police accident report). Under the jurisdictional limits of the Uniform District Court Act, this court may ordinarily exercise personal jurisdiction over these nonresident defendants only if plaintiffs cause of action “aris[es] from any of the acts enumerated in [UDCA 404].” (UDCA 404 [a].) Such acts most commonly involve the commission of a tortious act in the district. (UDCA 404 [a] [2].) But no claim is made that plaintiffs cause of action arose from a “tortious act” committed by defendants in Nassau County. To the contrary, any tortious acts appear to have occurred on the opposite side of New York State, in Buffalo. Nor does it appear that any of the defendants transacted business in this county, or that they own, use or possess real property in Nassau County. (See UDCA 404 [a] [1], [3].)
Accordingly, based upon the facts set forth in the parties’ papers, the Supreme Court’s transfer of the action was arguably improper under the jurisdictional limitations of CPLR 325 (d) and UDCA 404 (a). (See e.g. Cadle Co. v Lisa, 46 AD3d 422, 423 [1st Dept 2007] [“(w)here, as here, Civil Court may not have personal jurisdiction over the defendant, Supreme Court should not have transferred the action pursuant to CPLR 325 (d)”]; Rochester Tel. Corp. v Kirchner, 97 Misc 2d 725, 726-727 [Sup Ct, Monroe County 1978] [“While the Rochester City Court would have had jurisdiction over the subject matter of the instant action, service of process on the defendant in Massachusetts could not have secured personal jurisdiction by Rochester City Court over the defendant. Plaintiffs removal motion is therefore denied”]; see also Alexander, Practice Commentaries, CPLR C325:4.)
Nevertheless, as Professor Alexander has observed, “a defendant may . . . waive defects in personal jurisdiction.” (Alexander, Practice Commentaries, CPLR C325:4, at 232.) Unlike subject matter jurisdiction, “a defense based on lack of personal jurisdiction may be waived.” (Morrison v Budget Rent A Car Sys., 230 AD2d 253, 260 [2d Dept 1997]; see also Spinnell v Sassower, supra.)
*463 In the instant case, the court finds that defendants waived any personal jurisdictional objection by not raising the issue in response to plaintiffs renewed motion for summary judgment. While their failure to promptly raise the issue in the Supreme Court, following entry of the transfer order, is not tantamount to a waiver (see Spinnell v Sassower, supra), their participation in the instant proceedings without raising the issue speaks volumes.
Simply stated, at least in cases, like this one, where the defendants, with counsel, fail to raise a personal jurisdictional objection in the course of opposing a motion seeking judicial relief from this court, the conclusion is inescapable: such an objection has been waived.
Apart from the foregoing jurisdictional issue, the transfer order presents a second procedural conundrum. Close examination of plaintiffs moving papers, read together with the Supreme Court’s prior decision, confirms that plaintiffs motion effectively seeks renewal and reargument of the Supreme Court’s earlier order denying summary judgment to the plaintiff. Plaintiffs current motion raises two grounds for summary judgment: (1) that defendants Goggins-Starr and Barlow are collaterally estopped from relitigating fault issues that were decided in an inter-company insurance arbitration proceeding, and (2) that a police accident report clearly reflects that these defendants are liable for the damage sustained by plaintiffs insured. Both issues were previously raised and were addressed in the Supreme Court’s motion decision.
Plaintiffs argument respecting the police accident report was rejected on the merits by the Supreme Court, principally on the ground that the contents of the report were inadmissible hearsay (decision at 5-6). The arbitration issue, in turn, was rejected on the ground that it was improperly raised for the first time in plaintiffs reply (id.). Since it is clear to this court that plaintiffs motion “attempts [directly] to affect a prior order,” the issues presented by plaintiff on the instant motion are properly addressed under the criteria for renewal and reargument set forth in CPLR 2221. (See Connors, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C2221:l.)
However, before this court can determine whether to grant renewal and/or reargument, it needs to address subdivision (a) of CPLR 2221: “A motion for leave to renew or reargue a prior motion . . . shall be made ... to the judge who signed the order, unless he or she is for any reason unable to hear it.” Rule *464 2221 (c) further provides: “A motion made to other than a proper judge under this rule shall be transferred to the proper judge.”
Neither party claims that Justice Palmieri is literally “unable” to hear the motion. At present, he continues to sit on the Supreme Court, Nassau County, presiding over civil cases within that court’s jurisdiction. Moreover, consistent with one of the basic purposes of CPLR 2221 (a), referral of the motion to Justice Palmieri would directly further “the administrative goal of sparing the time and effort of Judge Two on a matter already familiar to Judge One.” (See Connors, Practice Commentaries, CPLR C2221:l.)
On the other hand, administrative considerations have sometimes trumped the policy principles expressed in CPLR 2221. When the IAS system was first established, for instance, courts typically held that the general policy underlying CPLR 2221 had to “give way to the policies of assigning one judge to do everything in the case under the I.A.S.” (Connors, Practice Commentaries, CPLR C2221:l; see e.g. Dalrymple v Martin Luther King Community Health Ctr., 127 AD2d 69, 72-73 [2d Dept 1987] [“Clearly, the institution of the IAS on January 6, 1986, with the attendant assignment of all pending cases to individual Justices for trial, brought all these cases . . . outside a rigid literal interpretation” of CPLR 2221]; Billings v Berkshire Mut. Ins. Co., 133 AD2d 919, 919-920 [3d Dept 1987] [“Here, the motion was before the second Justice because of the implementation of the individual assignment system which contemplates that all motions are to be made returnable before the Justice charged with overseeing the case”]; cf. C & N Camera & Elecs, v Public Serv. Mut. Ins. Co., 210 AD2d 132, 133 [1st Dept 1994] [“it was proper for Justice Schoenfeld to hear the motion to reargue Justice Ciparick’s prior order since the case had been reassigned to Justice Schoenfeld, the new Justice presiding in said Part, prior to the date the reargument motion was heard”].)
Similar considerations generally apply in cases involving CPLR 325 (d) transfers. Once a matter is transferred to a lower court, CPLR 326 (b) provides that “[subsequent proceedings shall be had in the court. . . as if the action had been originally commenced there.” As one court has explained: “Once an action has been transferred, ‘the fiction arises that the action was commenced in the transferee court initially . . . [and] [t]he transferor court is thus robbed of all further jurisdiction in the case, and cannot hear subsequent motions.’ ” (Yuan Zhai v *465 Chemical Bank, 180 Misc 2d 442, 445 [Civ Ct, NY County 1999], quoting McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C326:l, at 591.)
In Zhai, the Civil Court applied this general principle to a post-CPLR 325 (d) transfer motion seeking to vacate a prior Supreme Court order issued on default. Notwithstanding the restrictions imposed by CPLR 2221, the Civil Court (Acosta, J.) ruled that it could lawfully consider and grant such relief. Although he was not a judge in the court that had issued the earlier order, Judge Acosta concluded that he could decide the motion because his “review of the motion to vacate would not run afoul of the policy against having one judge sit in effect as an appellate court over another.” (Zhai at 447.) Four years later, in Sedano v Campos (1 Misc 3d 388 [Nassau Dist Ct 2003]), Judge Gartner followed Zhai in holding that the District Court had the authority to strike a defendant’s answer for failing to comply with a discovery order issued by a Supreme Court justice prior to a CPLR 325 (d) transfer. His opinion explained:
“The order underlying the motion does not represent an independent analysis and determination of the prior judge . . . , but merely the ‘so-ordering,’ by one of the four judges who have been assigned successively to this case in the year and a half following its commencement, of a discovery stipulation of the parties. There is no issue of this court sitting in review of a court of coordinate jurisdiction. The only question is whether the court to whom the case is now assigned, and charged with overseeing discovery and either settlement or trial, should be the court to evaluate the question of whether sanctions should be imposed, and if so what sanctions and/or subject to what conditions. The statutory and judicial authority cited above makes clear that it should, and has the obligation to, do so.” (Id. at 392.)
While the above decisions are informative, neither case involved a situation precisely like this one, where a party seeks, in effect, to obtain reargument and/or renewal from a lower court judge on issues that were previously raised and rejected by a Supreme Court justice. Notably, the court in Zhai took pains to emphasize that it was the proper forum for determining plaintiffs motion “assuming that the motion is otherwise in compliance with the dictates of CPLR 2221 (a) (1).” (180 Mise 2d at 446.) Since the cited section expressly excludes from the *466 mandatory transfer rules of CPLR 2221 a motion to renew or reargue an order “made upon a default,” the court felt comfortable rejecting the claim that it lacked the power to vacate the Supreme Court’s prior order. Likewise, in Sedaño, Judge Gartner emphasized that “[t]he motion itself does not clearly fall into one of the categories of motions listed in CPLR 2221.” (1 Mise 3d at 392.)
This case, in contrast, squarely presents a situation that falls clearly within the categories of motions which, absent exceptional circumstances, ought to be referred to the judge who decided the earlier motion. While the issue is not free from doubt, the court concludes, on balance, that a transfer order pursuant to CPLR 325 (d) takes the case outside of the general rule. The transfer of a case to a lower court under CPLR 325 (d) represents, in a real sense, a determination by the Supreme Court that the press of other business warrants a plenary transfer of the matter. Justice Palmieri presumably intended the total removal of this case, from the Supreme Court to this court, when he signed the CPLR 325 (d) transfer order. If the administrative transfer of cases to an assigned IAS judge is sufficient to bring matters “outside a rigid literal interpretation” of CPLR 2221 (Dalrymple, 127 AD2d at 73), it follows that a CPLR 325 (d) transfer should be treated similarly. In these circumstances, the court concludes that CPLR 2221 does not require transfer of the motion to Justice Palmieri. Accordingly, the court turns to the merits of the motion.
Plaintiffs moving papers seek judgment against defendants Goggins-Starr and Barlow, as a matter of law, on two grounds. First, it submits an arbitration decision from an inter-company arbitration between the insurer of defendants Goggins-Starr and Barlow (GEICO) and the insurer of defendant Cox (State Farm). In that inter-company arbitration, GEICO and State Farm asserted claims against each other for vehicle property damage, arising from the collision between the two vehicles. Plaintiffs contention, on the instant motion, centers around the arbitrator’s decision that “applicant (State Farm) proved liability against respondent (GEICO) 100%” (see exhibit 6 to plaintiffs motion).
However, plaintiff, Philadelphia Indemnity Insurance Company, was not involved in the arbitration proceeding. Nor did the arbitration involve any claimed losses of its insured, Missionary Sisters of Our Lady of Mercy, that allegedly resulted from the collision.
*467 Plaintiff argues, nevertheless, that defendants Goggins-Starr and Barlow are “collaterally estopped from re-litigating the issues previously decided” in the prior arbitration proceeding. Inasmuch as Barlow “was found to be 100% at fault for the subject collision,” plaintiff maintains that “no triable issue of fact” exists as to the liability of defendants Goggins-Starr and Barlow.
Counsel for Goggins-Starr and Barlow oppose plaintiffs arguments by noting that these defendants “were not parties to that arbitration.” Counsel further contends that “they were not given a full and fair opportunity” to cross-examine defendant Cox or to cross-examine plaintiff and its subrogor at the arbitration. At a minimum, therefore, defendants’ counsel contends that defendants should be afforded an opportunity to conduct pretrial examinations, and that plaintiff’s motion should be denied as “premature.”
Plaintiffs secondary argument again rests upon statements contained in the police accident report. Defendants once again contest the evidence on the ground that the report contains “inadmissible hearsay and should not be considered.”
Inexplicably, neither party’s papers address the applicable requirements for motions seeking renewal and/or reargument, as now codified in CPLR 2221. Although plaintiffs motion clearly raises the very same grounds as set forth in the earlier motion, the instant motion does not specifically identify it as one seeking renewal and reargument. (See CPLR 2221 [d].) That failure, by itself, could readily justify denial of plaintiffs motion. But in the absence of objection by defendants, the court will not dispose of the motion on such technical grounds.
However, it remains proper for the court to consider whether plaintiffs papers otherwise meet the statutory criteria for granting it leave to renew or reargue.
A motion for leave to renew “shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination.” (CPLR 2221 [e] [2].) Such a motion “shall contain reasonable justification for the failure to present such facts on the prior motion.” (CPLR 2221 [e] [3].)
A motion for leave to reargue, in turn, “shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not *468 include any matters of fact not offered on the prior motion.” (CPLR 2221 [d] [2].)
To the extent that plaintiffs motion argues for judgment based upon the police report, the motion fails the test for reargument. No showing is made that Justice Palmieri overlooked or misapprehended matters of fact or law in determining the prior motion. As noted in his decision, the law regarding the use of police accident reports is “well established.” Since the statements contained in the report concerning the cause of the accident amount to mere “hearsay,” the report was deemed “inadmissable” as proof of fault (decision at 5-6). Long-settled precedents confirm the correctness of that decision. (See Murray v Donlan, 77 AD2d 337, 342-347 [2d Dept 1980].)
Plaintiffs reliance upon the finding made in the inter-company arbitration presents a more complex question under the provisions of CPLR 2221. Although evidence respecting the arbitration was not submitted as part of the main moving papers before Justice Palmieri, it was belatedly “offered” as part of plaintiffs reply. Justice Palmieri refused to consider “[t]he facts of the arbitration” because the issue was “neither pleaded in the complaint nor referred to in the moving papers” (decision at 5). Plaintiff makes no claim on this motion that the Supreme Court overlooked or misapprehended matters of fact or principles of law in deciding that it would not consider the belatedly-submitted evidence of the arbitration. Thus, to the extent that plaintiffs papers implicitly seek to reargue the issue, the motion is facially defective. (CPLR 2221 [d] [2].)
Plaintiffs motion is likewise defective insofar as it may be deemed a motion for leave to renew. To the extent plaintiffs evidence respecting the arbitration could be considered “new facts not offered on the prior motion” (CPLR 2221 [e] [2]), the, motion contains no “reasonable justification” for plaintiffs failure to present such facts as part of its main moving papers before Justice Palmieri. (See CPLR 2221 [e] [3].) Notably, the arbitration decision is dated April 4, 2006. It bears a “publication date” of April 19, 2006. This action was not filed until January 2008. Plaintiffs first motion for summary judgment was made in September 2009. There is no explanation, in any of the papers, why plaintiffs counsel waited until March 2010 to belatedly raise the arbitration issue in a reply. Absent any “reasonable justification” for plaintiffs failure to raise the issue sooner, it has failed to demonstrate good grounds for renewal.
In any event, upon this record, plaintiffs “collateral estoppel” argument is rejected under established case law standards. *469 As recognized in Motors Ins. Corp. v Mautone (41 AD3d 800, 801 [2d Dept 2007]), preclusive effect will be given to inter-company arbitration decisions only where the particular issue of liability was “actually litigated, squarely addressed and specifically decided.” Since the issue of defendants’ liability to plaintiff was not litigated, addressed, or decided in the arbitration, defendants are not estopped from contesting plaintiffs claim in this action. (See also Casolino v Baynes, 157 AD2d 699, 700 [2d Dept 1990] [motorist was not collaterally estopped from litigating comparative fault by decision in arbitration between her mother’s insurer and companies which insured other vehicles]; Kelly v Malone Frgt. Lines, 139 AD2d 566, 567 [2d Dept 1988] [“Inasmuch as the third-party defendant was not a party to the arbitration proceeding, did not have a unity of interest with respect to the matter arbitrated and was not afforded a full and fair opportunity to contest that determination, the third-party defendant should not be bound by the arbitrator’s ancillary finding regarding comparative negligence”].)
In conclusion, irrespective of whether the court applies reargument or renewal standards, plaintiffs motion must fail. As shown above, the instant motion presents a series of difficult procedural issues, but upon resolution of those issues, the court concludes that plaintiff has not demonstrated its entitlement to judgment as a matter of law. Accordingly, plaintiffs motion is denied.